### LATIMER v. SULLIVAN.

1. DISCONTINUANCE—COSTS.—A defendant cannot object to an order of discontinuance of the action on plaintiff's motion, where the cause has not so far progressed as to entitle defendant to a decree against plaintiff or a co-defendant, except, perhaps, in so far as the order omits to require the payment of costs.

2. IBID.—IBID.—AMENDMENT.—But an order permitting plaintiff to withdraw one item of several constituting his cause of action, is not an order of discontinuance, but of amendment, which may be granted with or without costs, and is not ordinarily appealable.

3. EXCEPTIONS—AMENDMENT—NOTICE.—An exception alleging error in granting an order of amendment *without notice*, overruled, the record not showing that this want of notice was objected to in the court below; and, moreover, notice was unnecessary.

Before WALLACE, J., Greenville, March, 1891.

This was an action by J. P. and J. H. Latimer, as executors of the will of Hewlett Sullivan, deceased, against John D. Sullivan. The opinion states the case.

*Messrs. Perry & Heyward*, for appellant.

*Mr. W. H. Irvine*, contra.

September 13, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   This being the second appeal in this case, reference should be had to the case as reported in 30 S. C., 111, for the purpose of ascertaining the nature of the case, and the points determined by the former appeal.   When the case was remitted to the Circuit Court, plaintiffs, at March term, 1891, "without notice, moved to withdraw the cause of action set out in the first paragraph of the complaint.   To this defendant's counsel objected, on the grounds that plaintiffs could not discontinue without payment of costs, and that the action, as brought, being, under the ruling of the court, but one action, could not be divided as proposed."   These objections were overruled by his honor, Judge Wallace, who granted the following order: "That plaintiffs have leave to withdraw the item, or cause of action, set out in paragraph I. of the complaint, to wit, the $520 note, without prejudice;" from which order defendant appeals upon the following grounds: I. That his honor * * * erred in holding that the plaintiffs had a legal right to discontinue part of the cause of action contained in the complaint, and retain the remainder. II. That his honor erred in holding that the plaintiffs had a right to discontinue without payment of costs.   III. That his honor erred in granting the motion of the plaintiffs without previous notice to the defendant.

This case has been argued here as if the question were as to the plaintiffs' right to discontinue his action, and it was contended, upon the authority of the cases of *Bossard* v. *Lester*, 2 McCord Ch., 419; which, however, has been overruled by the case of *Bethia* v. *McKay*, Chev. Eq., 93; *Muldrow* v. *DuBose*, 2 Hill Ch., 375; *Bank* v. *Rose*, 1 Rich. Eq., 292; *Ancker* v. *Levy*, 3 Strob. Eq., 210, and *Adger* v. *Pringle*, 11 S. C., 547, besides other authorities elsewhere, that plaintiffs cannot discontinue, after answer, without payment of costs;

16—37

nor at all, where the rights of other parties might be preju-
diced, which, it is claimed, would be the effect of the order
appealed from upon the rights of appellant.　It will be observed
that all of the cases mentioned are cases in chancery, in which
the rule, as laid down by Harper, Ch., in *Bank* v. *Rose, supra,* is
as follows : "The general rule is, as contended for, that the plain-
tiff, at any time before the decree, perhaps before the hearing,
may dismiss his bill, as, of course, upon the payment of costs;
but certainly it cannot be said that the rule is without excep-
tion. ˙ The exception, stated in the general terms, is, that it is
within the discretion of the court to refuse him permission to
do so, if the dismissal would work a prejudice to the other
parties; and I gather from the cases, compared with each other,
that it is not regarded as such prejudice to a defendant, that
the complainant, dismissing his own bill, may, at his pleasure,
harrass him by filing another bill for the same matter.　But
whenever, in the progress of a cause, a defendant entitles him-
self to a decree, either against the complainant or against a co-
defendant, and the dismissal would put him to the expense and
trouble of bringing a new suit and asking his proofs anew,
such dismissal will not be permitted."

Now, it is quite clear that the defendant here does not fall
within the exception, as thus stated, to the general rule.　He
has not as yet (and may never) entitled himself to any decree
against the plaintiffs, and there is no co-defendant against
whom he could obtain a decree; and the prejudice which the
defendant may suffer by being compelled in another suit to es-
tablish his defence to the note which has been withdrawn, is
expressly declared not to be such prejudice as would bring his
case within the exception to the general rule.　So that even
if the order appealed from could be regarded as an order per-
mitting the plaintiffs to discontinue their action, it would not
be subject to any well founded exception, except, perhaps, the
omission to require the payment of costs.

But we do not consider that such is the character of the order
in question.　On the contrary, it is simply an order permitting
the plaintiffs to withdraw one of the items constituting
their cause of action, and is to be regarded more in the

nature of an order to amend the complaint than an order of discontinuance. Such an order, as well as the terms upon which it is granted, is a matter largely within the discretion of the court, and is not, ordinarily, appealable. So that while it may be true that an order discontinuing an action should not be granted, except upon the condition of payment of costs, an order to amend may be granted either with or without such a condition, as may be deemed just; and in this case, where simply one of the items of the claim made against defendant was withdrawn, there was certainly no abuse of discretion in omitting any requirement for the payment of costs. Even under the former procedure, which was much more strict and rigorous than under the Code, an order very similar to the one appealed from here was granted, with the approval of the Court of Appeals, as may be seen by reference to the case of *Wilson* v. *Pyles*, 1 Strob., 357.

The only remaining exception imputes error to the Circuit Judge in granting the order without notice of a motion to that effect. In the first place, it does not appear that any such objection was taken in the Circuit Court, for while the "Case" does show that objection was made upon certain grounds, which we copied above, it does not show that there was any objection for want of notice. The Circuit Judge was not, therefore, called upon to decide whether notice was requisite, and, on the contrary, he had a right to assume, in the absence of any objection, either that notice had been given or that it was waived. But, in addition to this, we may say that we see no necessity for notice of such a motion.

The judgment of this court is, that the order appealed from be affirmed.