## McCABE v. SOUTHERN RY. CO.

(Circuit Court, D. South Carolina, Fourth Circuit. February 28, 1901.)

**1. DISMISSAL—RIGHT OF PLAINTIFF.**

It is a general rule in the federal courts, subject to special exceptions, that a plaintiff at law or a complainant in equity may discontinue his action or dismiss his bill as of course at any time before the hearing, on payment of costs; and especially should such rule be followed where the action is at law, and the plaintiff is given such right by the law of the state.

**2. SAME—IMPOSITION OF TERMS—PAYMENT OF COSTS IN ANOTHER COURT.**

Plaintiff commenced an action at law for personal injury in a state court. Defendant filed a petition for removal, which was denied; but it caused a copy of the record to be filed, and the cause docketed in the federal court, which refused a motion to remand. The action was tried, and a judgment rendered in the state court, which was set aside by the supreme court of the state on the ground that the lower court erred in not ordering the removal. Thereupon plaintiff appeared in the federal court and obtained ex parte an order granting him leave to discontinue the action on payment of the costs of that court, including the costs of removal. *Held*, that such order was properly granted, and that defendant was not entitled to have plaintiff required to pay the costs of the state court, as one of the terms of such discontinuance, being entitled under the law of the state to judgment for such costs in the state court.

On Motion to Rescind an Ex Parte Order Granting Leave to Plaintiff to Discontinue the Action.

Andrew Crawford, J. S. Muller, and W. St. J. Jervey, for plaintiff. B. L. Abney and B. A. Hagood, for defendant.

SIMONTON, Circuit Judge. William McCabe brought his action for personal injuries in the court of common pleas for Richland county, in the state of South Carolina. The defendant filed in the state court its petition and bond for removal into this court because of diversity of citizenship. The state court refused the prayer of the petition. Nevertheless a copy of the pleadings was filed in this court, and the cause placed on its docket. A motion to remand was made and refused. Having retained the cause, the state court proceeded to trial against the protest of defendant, and a verdict was had for the plaintiff. On appeal to the supreme court of South Carolina the judgment of the court of common pleas was set aside upon the ground

that this was a removable case, and that the lower court erred in refusing the prayer of the petition. The case remained on the docket of this court, has been continued from term to term, but has never been called for trial; the court preferring to await the result in the state court. The plaintiff then came into this court and obtained, ex parte, an order granting leave to discontinue the cause on payment of the costs of this court, including costs of removal. The matter now comes up on a motion to rescind this order upon the ground that it was made without notice, and upon the further ground that, if made at all, it should be upon terms, including the payment of costs incurred by defendant in the state court.

The general rule is that a plaintiff at law or a complainant in equity may discontinue his action or dismiss his bill as of course at any time before the hearing. This is the law in South Carolina, whose practice in all proceedings at law before judgment controls this court. Henderson v. Railroad Co., 123 U. S. 61, 8 Sup. Ct. 60, 31 L. Ed. 92; Rev. St. § 915; Dunham v. Carson, 37 S. C. 281, 15 S. E. 960; Bank v. Rose, 1 Rich. Eq. 294. Chancellor Harper in this last-named case lays down this rule, and his language is quoted in the supreme court of the United States and of this state with approval:

"The general rule is, as contended for, that the plaintiff at any time before decree, perhaps before the hearing, may dismiss his bill as of course, upon payment of costs."

In Latimer v. Sullivan, 37 S. C. 121, 15 S. E. 798, plaintiff was allowed, after a case had gone into the supreme court and had been sent back for a new trial, in term time, to discontinue, without notice, one of his two causes of action.

Nor are these authorities in conflict with the federal decisions. In City of Detroit v. Detroit City R. Co. (C. C.) 55 Fed. 572, the circuit court of appeals of the Sixth circuit (a high authority) lay it down as the clear result of the examination of authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course, except in certain cases. That case quotes the language of Harper, Ch., supra. So, in Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S., at page 713 et seq., 3 Sup. Ct. 594, 27 L. Ed. 1081, the same doctrine is stated, and Chancellor Harper again quoted. There are exceptions to the rule. Such an order cannot be granted if defendant has entitled himself to a decree against complainant, or when, under the practice, he has set up a counterclaim which would be barred by the statute of limitations if the complaint were dismissed, or when he sets up a cause of action in his answer and asks affirmative relief, instances of which are in W. U. Tel. Co. v. American Bell Tel. Co. (C. C.) 50 Fed. 664; Bethia v. McKay, Cheves, Eq. 98; and as stated in Chancellor Harper's decree, supra. The case at bar is an action for personal injuries; the defense, the general issue and contributory negligence. Defendant asks no affirmative relief. The only injury resulting to it from a discontinuance of this action is another action in this or in some other jurisdiction. Chancellor Harper states expressly:

. "I gather from the cases, compared with each other, that it is not regarded as such prejudice to a defendant that the complainant dismissing his own

bill may at his pleasure harass him by filing another bill for the same mat-, ter."

To the same effect is Dunham v. Carson, supra,—a discontinuance in this court with the manifest purpose of bringing a suit in the state court for the purpose of avoiding the jurisdiction of this court.

Now, the cases quoted are equity cases. A fortiori is the doctrine here of a law case. A court of equity can look into the whole cause, and grant relief as it seems to it best. A court of law looks only to the issues before it, and is limited to the relief therein sought.

It is said, however, that in imposing terms this court should not have contented itself with the costs of this court and of the removal papers; that the plaintiff should have been put under terms to pay the costs of the state court. The answer to this is obvious. If the cause has been dismissed from the state court by the action of the supreme court, the defendant is entitled in a law case to its judgment for costs. Code Civ. Proc. S. C. § 323. Non constat that it is necessary; nor, if it be necessary, that this court can go to the aid of the judgment of the state court. If the costs in the state court have not been taxed, and so reduced to judgment, this court would have no authority to direct the costs to be taxed. Nor could it order the plaintiff to pay a lump sum equivalent to the amount of the taxed costs. If it could do this, it could go further, and order payment of counsel fees to defendant's attorney, or perhaps a sum of money by way of damages to defendant for its harassment. Costs, the taxed costs provided by statute for the courts of the United States, constitute the penalty, and the only penalty, which the courts can impose pro falso clamore. In Day v. Woodworth, 13 How. 372, 14 L. Ed. 181, discussing this question of costs, and especially the right of a jury to add to their verdict counsel fees and other expenses in addition to the taxed costs, the court says:

"Under the provisions of the statute of Gloucester (6 Edw. I. c. 1), every court of common law has an established system of costs, which are allowed to the successful party by way of amends for his expense and trouble in prosecuting his suit. It is true, no doubt, and is especially so in this country, that the legal taxed costs are far below the real expenses incurred by the litigant. Yet it is all the law allows as expensæ litis."

The motion to rescind the order of discontinuance is refused, and that order is confirmed. ,