## PENNSYLVANIA GLOBE GASLIGHT CO. v. GLOBE GASLIGHT CO.

(Circuit Court, D. Massachusetts. July 3, 1902.)

### No. 1,507.

1. EQUITY—DISMISSAL OF BILL.

A complainant has an absolute right to dismiss his bill after the evidence is closed, the case put on the calendar, and ordered by the court to stand for hearing, but before the hearing, where the dismissal would deprive the defendant of no substantial right accrued since the suit was commenced, unless defendant is entitled to affirmative relief, though defendant might thereby be subjected to annoyance from a subsequent suit.

In Equity.

W. B. H. Dowse and John R. Bennett, for complainant.
Richardson, Herrick & Neave, for defendant.

COLT, Circuit Judge. The general rule that a complainant has the right to dismiss his bill at any time before hearing is too firmly established to require any citation of authority. It is equally well settled

¶ 1. See Equity, vol. 19, Cent. Dig. §§ 751, 752.

that the annoyance to the defendant of a second litigation is no ground for refusing to dismiss the bill. The only question which can arise in any given case is whether the complainant comes within the exceptions to the rule. These exceptions may be briefly stated: First, where the dismissal would deprive the defendant of some substantial right which has accrued to him since the suit was commenced; second, where the defendant prays for, or is entitled to, some affirmative relief, as, for example, where there is a cross-bill.

The case at bar does not fall within either of these exceptions. The bill is the ordinary one for infringement of a patent. The evidence is closed, the record printed, the case put upon the calendar, and, by order of the court, stands for hearing. During the progress of the suit the defendant has acquired no substantial right, and it asks for no affirmative relief. So far as appears, the defendant is in no way prejudiced by the dismissal of this suit further than his liability to a second suit for the same cause of action.

The contention of the defendant is that the general rule giving the right to complainant to dismiss his bill at any time before hearing means "at any time before setting down for hearing." Whatever may have been the practice in England, this interpretation of the rule has not been adopted by the federal courts. The form of the order, in my opinion, is of little consequence, so long as it appears that the dismissal was not on the merits. The order, "Upon complainant's motion, the bill stands dismissed on payment of costs," is perhaps more usual, and would seem to be sufficient under the federal practice; but, in order to avoid any possible question as to its effect, it is a safe practice to add the words "without prejudice."

Motion granted.