MORTON TRUST CO. et al. v. KEITH et al.

(Circuit Court, D. Massachusetts. February 7, 1907.)

No. 123.

EQUITY—DISMISSAL WITHOUT PREJUDICE—RIGHT OF COMPLAINANT.

A complainant in a suit in equity has an absolute right to dismiss the suit without prejudice at any time before the hearing on payment of costs and without terms, where the dismissal will deprive the defendant of no substantial right accrued since the suit was commenced, and he is not entitled to and has not prayed for any affirmative relief.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, §§ 749–756.]

In Equity.   On motion by complainants to dismiss without prejudice.

Wm. C. Strawbridge, for complainants.

Kay, Totten & Winter, for defendants.

LOWELL, Circuit Judge.   This was a bill in equity, to which the defendant duly answered.   After the proofs had been completed, but before the case was set down for hearing, the complainant moved to dismiss the bill without prejudice upon payment of costs.   The defendant objected to the decree in the usual form, and submitted a draft as follows:

"In the Circuit Court of United States, District of Massachusetts.

"Morton Trust Company and Pressed Steel Car Company, Complainants, v. Eben S. S. Keith, Trading as I. N. Keith & Son, Defendant.

"And now to wit, January —, 1907, complainants' motion to discontinue the above cause without prejudice having been argued by counsel for the respective parties, it is ordered that all testimony taken in the cause be filed of record, and that thereafter the cause shall be discontinued without prejudice upon payment by complainants of the costs to be taxed by the clerk; and that all testimony taken by complainants or defendant in this cause may be offered in evidence in any suit brought against this defendant, or brought against the Standard Steel Car Company, which company has manufactured the bolsters complained of in this suit and has borne the expenses of the defense thereof, or any of the customers of this defendant or said Standard Steel Car Company involving the patent in suit, * * * and, further, that in case any notices of infringement, or claims of infringement, of said patent shall be made against the said defendant or against the Standard Steel Car Company, or any of the customers or prospective customers of this defendant at the Standard Steel Car Company, the court reserves the right to strike off this order of discontinuance and send the case to final hearing."

The defendant does not deny the complainant's abstract right to dismiss the bill without prejudice upon payment of costs, but insists that, in thus dismissing the bill, the court has authority to impose such terms as it deems just and convenient.   In support of this proposition, he cites Brush v. Condit (C. C.) 20 Fed. 826, American Zylonite Co. v. Celluloid Mfg. Co. (C. C.) 32 Fed. 809, and American Steel & Wire Co. v. Mayer & Englund Co. (C. C.) 123 Fed. 204.   A decree in the form which he seeks here was passed in like case by the Circuit Court for the Eastern District of Pennsylvania.

The established practice of this court sitting as a court of chancery is different.   Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 Fed. 1015.   The defendant does not contend that this case can be brought within any of the established exceptions to the right of the complainant to dismiss his bill on payment of costs.   "The dismissal would deprive the defendant of [no] substantial right which has accrued to him since the suit was commenced," and the defendant has not prayed for, nor is he entitled to, any affirmative relief.   To contend, as does the defendant in the case at bar, that a complainant has an absolute right to dismiss his bill upon such terms as the court sees fit to impose, is to contend for something which is perilously near to a contradiction in terms.

Bill to be dismissed without prejudice upon payment of costs.