THOMSON–HOUSTON ELECTRIC CO. v. HOLLAND et. al.

(Circuit Court, N. D. Ohio. March 28, 1907.)

DISMISSAL AND NONSUIT—DISMISSAL WITHOUT PREJUDICE—RIGHT OF COMPLAINANT.

A complainant is entitled to discontinue a cause without prejudice as a matter of right on payment of costs, where no cross-bill has been filed and no testimony taken.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 27.]

On Motion to Discontinue.
See 143 Fed. 903.

Betts, Sheffield, Bentley & Betts, for plaintiff.
Thurston & Woodward, for defendants.

TAYLER, District Judge. In this case (Thomson-Houston Electric Co. v. Henry Holland and Ernest Backendorf, composing firm of H. Holland Trolley Supplies Co.) a bill of complaint was filed on January 24, 1906, for injunction and other relief growing out of an alleged infringement of a patent. On March 8, 1906, a preliminary injunction was allowed. From this interlocutory order an appeal was taken to the Circuit Court of Appeals, which reversed the decision of this court, and the case was remanded for further proceedings. An answer has been filed by the defendants and a replication by the complainant. By a stipulation between the parties the time for taking complainant's testimony for the final hearing was extended to April 2, 1907. No testimony for the final hearing has been taken by either the defendant or the complainant.

A motion is now made by the complainant for leave to discontinue the cause without prejudice, upon payment of the costs, and to the allowance of this motion the defendants interpose an objection. The general rule is, stated in the form most favorable to the defendants, that a motion to discontinue without prejudice upon payment of costs will be allowed where no rights have attached to the defendants, as by a cross-bill, or where no testimony has been taken. I know of no case where it is held, and I can conceive of no reason why it should be held, that where no testimony has been taken, and no cross-bill filed, the complainant would not have the right to dismiss his case. To hold otherwise would be to say that the courts are anxious to encourage litigation. As declared by the court in Pennsylvania Globe Gaslight Co. v. Gaslight Co. (C. C.) 121 Fed. 1015, the annoyance to the defendant of the second litigation is no ground for refusing to dismiss the bill.

The motion will therefore be sustained, and the bill dismissed, without prejudice, at complainant's costs.