## EX PARTE: IN THE MATTER OF SKINNER & EDDY CORPORATION, PETITIONER.

PETITION FOR A WRIT OF MANDAMUS OR PROHIBITION TO THE COURT OF CLAIMS.

No. 28, Original. Argued, on return to rule to show cause, April 14, 1924.—Decided May 12, 1924.

1. The right of a plaintiff to dismiss a suit, if it exists, is absolute, independent of the reasons offered and not affected by concealment or misstatement of reasons. P. 93.

2. The rule of the federal courts at law and in equity governing the right of a plaintiff to dismiss without prejudice, should obtain in the Court of Claims. Pp. 92, 94.
3. A plaintiff in the Court of Claims may dismiss without prejudice when the Government has filed no counterclaim, and will not be prejudiced, legally, by the dismissal. *Id.*
4. Where a plaintiff, after dismissing its suit in the Court of Claims, began a suit in a state court against the Shipping Board on the same causes of action, which remained pending, *held,* that the subject matter was withdrawn from the cognizance of the Court of Claims by Jud. Code, § 154, and that it could not resume its jurisdiction by setting aside the dismissal retroactively. P. 95.
5. An order of the Court of Claims attempting to reinstate a dismissed case in plain violation of the plaintiff's right to dismiss it, and an effect of which would be to deprive the plaintiff of the right of trial by jury in a state court, may be corrected by mandamus. P. 96.

Writ absolute.

RULE on the Court of Claims directing it to show cause why it should not be required by mandamus, or by prohibition, to restore an order dismissing a suit, ᴏ set aside another vacating the first, and to abstain from attempting exercise of further jurisdiction in the case.

*Mr. Louis Titus* and *Mr. George Donworth,* with whom *Mr. J. Barrett Carter* and *Mr. Livingston B. Stedman* were on the brief, for petitioner.

The petitioner had the right to dismiss its suit. *Veazie v. Wadleigh,* 11 Pet. 55; *Confiscation Cases,* 7 Wall. 454; *Barrett v. Virginian Ry. Co.,* 250 U. S. 473; *Detroit v. Detroit City Ry. Co.,* 55 Fed. 569; *Cowham v. McNider,* 261 Fed. 714; *McCabe v. Southern Ry. Co.,* 107 Fed. 213; *Youtsey v. Hoffman,* 108 Fed. 699; *United States v. Norfolk & Western Ry. Co.,* 118 Fed. 554; *Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co.,* 121 Fed. 1015; *Morton Trust Co. v. Keith,* 150 Fed. 606; *Thomson-Houston Elec. Co. v. Holland,* 160 Fed. 768; *McGowan v. Columbia, etc. Assn.,* 245 U. S. 352.

The contracts set out in the petition, upon which both the claim of petitioner and the counterclaim of the United States are based, are contracts with the Fleet Corporation, not contracts with the United States; therefore the Court of Claims has no jurisdiction over either the original claim or the counterclaim.

Every question as to liability under these contracts is settled by the decision of this Court in the combined cases of *Sloan Shipyards Corporation, Astoria Marine Iron Works,* and *Wood, Trustee,* 258 U. S. 549.

Action in the Court of Claims is barred by § 154 of the Judicial Code. *United States* v. *Wardwell,* 172 U. S. 48; *Finn* v. *United States,* 123 U. S. 227; *Corona Coal Co.* v. *United States,* 263 U. S. 537.

A counterclaim by the Government can only be allowed against a claimant against the Government. Jud. Code, § 145.

The question of the remedy on the claims arising under contracts made by the Fleet Corporation is a question of jurisdiction which gravely affects claimants who may pursue a remedy upheld as proper by this Court. It is of the utmost importance that the rule of *stare decisis* be adhered to in such cases, and that therefore the decision of this Court in the *Sloan Case* be followed in all like cases.

The wrongful order of court deprived petitioner of its right to trial by jury and the writ asked is a proper remedy for this wrong. *Ex parte Simons,* 247 U. S. 231; *Ex parte Peterson,* 253 U. S. 300.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck, Mr. Chauncey G. Parker, Mr. Henry M. Ward* and *Mr. George M. Anderson* were on the brief, for respondents.

The Court of Claims had jurisdiction of the suit and of the counterclaim. Jud. Code, § 145, par. 2. It is

therefore immaterial whether the counterclaim grows out of contract or tort; it may be pleaded with the same effect in either case. *Allen* v. *United States,* 17 Wall. 207; *McElrath* v. *United States,* 102 U. S. 426.

Whenever the Government pleads a counterclaim in the Court of Claims, it acquires a substantial right, and the plaintiff's right to dispose of his case in any way he may see fit is accordingly qualified. If the Court of Claims has no jurisdiction of a claim presented, the counterclaim follows the fate of the claim, and will be dismissed with it. *Baltimore and Ohio R. R. Co.* v. *United States,* 34 Ct. Cls. 484. But if the Court of Claims has jurisdiction of the claim, the counterclaim becomes part of the suit, and unless the United States consents to its dismissal, it must be prosecuted to a conclusion. *Huske* v. *United States,* 46 Ct. Clms. 35. The counterclaim, it is true, was not filed before the suit was dismissed, but notice of it had been given with a request to allow it to be filed. Under the statute the Government had an absolute right to file its counterclaim. There is no rule in the Court of Claims limiting the time within which a counterclaim may be filed.

This Court does not prescribe the rules of practice in the Court of Claims. It is therefore submitted that, in so far as the rules of the Court of Claims are not inconsistent with law, the Court of Claims must be presumed to know its own rules and to interpret them correctly. The applicable rule of law was settled many years ago in *Huske's Case, supra.* The point is also directly covered in *McElrath* v. *United States,* 102 U. S. 426.

Under the decisions and uniform practice of the Court of Claims, a claimant is not permitted to dismiss his claim except by order of the court made after due notice to the United States. It is not even essential that a counterclaim should be filed in order to permit the United States to prove offsets against the claimant. *Wisconsin Central*

*R. R. Co.* v. *United States,* 164 U. S. 190; *Huse* v. *United States,* 222 U. S. 496.

The Court of Claims had jurisdiction to reconsider and annul its order of dismissal. *Ayres* v. *Wiswall,* 112 U. S. 187; *Bronson* v. *Schulten,* 104 U. S. 410; *In re Metropolitan Trust Co.,* 218 U. S. 312; *Goddard* v. *Ordway,* 101 U. S. 745; *Ex parte Lange,* 18 Wall. 163.

Under Rule 90 of the Court of Claims, a motion for a new trial (other than those made under § 175, Jud. Code,) shall be filed within sixty days from the time the judgment of the court is announced.

By § 138, Jud. Code, the court holds one term each year beginning on the first Monday of December. A case may be reinstated after the term has expired for much less cause than seems to exist in this case. *Wetmore* v. *Karrick,* 205 U. S. 141; *Murray* v. *United States,* 46 Ct. Clms. 94; *McMillan* v. *United States,* 49 Ct. Clms. 379.

The provisions of § 154, Jud. Code, are matters of defense and cannot be invoked to deprive the Court of Claims of jurisdiction of a counterclaim.

This Court has repeatedly held that a new trial may be granted under § 175, Jud. Code, by the Court of Claims after a case has reached it on appeal, the appeal decided, and the mandate issued, the only limitation upon its jurisdiction being that the motion for a new trial must be filed within two years next after the judgment is rendered. *Belknap* v. *United States,* 150 U. S. 588; *In re District of Columbia,* 180 U. S. 250; *Fuller* v. *United States,* 182 U. S. 562; *Sanderson* v. *United States,* 210 U. S. 168.

A decision of the Court of Claims granting, upon motion of the United States, a new trial, while a claim is pending before it, or on appeal from it, or within two years next after the final disposition of the claim, cannot be revised in this Court. *Young* v. *United States,* 95 U. S. 641.

The remedy of the petitioner is not by mandamus or prohibition but by appeal from such judgment as the

Court of Claims may enter on the counterclaim. *Ex parte United States*, 263 U. S. 389.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This is a petition for a writ of mandamus directed to the Court of Claims to restore its order of April 30, 1923, dismissing the suit of the Skinner & Eddy Corporation against the United States, and to set aside its order of November 28, 1923, vacating the order of dismissal, and to prohibit the court from attempting to exercise further jurisdiction in the case. The judges of the Court of Claims have made a response to a rule to show cause.

On June 15, 1921, the petitioner brought this suit against the United States in the Court of Claims for $17,-493,488.97. The cause of action was based on balances alleged to be due for the construction of certain ships, for bonuses for advanced deliveries of others, and for extra labor, extra work, and repairs on other vessels, all for the United States. The principal part of the claim grew out of the cancellation of two contracts between the petitioner and the United States Emergency Fleet Corporation " representing the United States." The largest item of the claim was for anticipated profits on 25 vessels. On August 15, 1921, no plea, answer or notice of any counterclaim having been filed by the Government, a general traverse was entered by the Clerk of the Court under its Rule No. 34. No further pleadings were filed and no proceedings were had of any kind until April 11, 1923, when petitioner filed its motion to dismiss the suit without prejudice. The petitioner based the motion on the ground that it had begun its suit under the Act of June 15, 1917, c. 29, 40 Stat. 182, 183, as amended by § 2, par. c, of the Merchant Marine Act of June 5, 1920, c. 250, 41 Stat. 989; that, as interpreted by this Court, these acts required the claims to be first presented to the President

for him to determine the just compensation, prior to the filing of a suit, and that as this claim was not presented to the President, the Court of Claims had no jurisdiction. On April 12th, the Government moved to withdraw its general traverse and for leave to file its answer and cross bill. The motions were argued and on April 30, 1923, the court made an order granting the petitioner's motion and dismissed its petition.

On May 1, 1923, one day after the dismissal, the petitioner filed a suit against the United States Shipping Board Emergency Fleet Corporation in the state court of Washington at Seattle, on substantially the same causes of action as those sued for in the Court of Claims, but omitting certain phases of damages claimed, for $9,129,401.14.

On June 9, 1923, at the same term of the court, the Government moved for a reargument of petitioner's motion to dismiss without prejudice, and to allow the Government to file a counterclaim. The motion was inadvertently overruled October 22, 1923, but upon restoration and reargument, the order of dismissal was vacated and leave was given to the Government to file its counterclaim.

It is intimated on behalf of the Government that the reason given by the petitioner for its motion to dismiss in April, 1923, was not a genuine one. The petitioner offers that and others. Others are that under the decision of this Court in *Sloan Shipyards Corporation.* v. *Emergency Fleet Corporation,* 258 U. S. 549, and *Emergency Fleet Corporation* v. *Sullivan,* 261 U. S. 146, it was doubtful whether under the contracts sued on a recovery could be had against the Government in the Court of Claims, and second, that it was doubtful whether under *Russell Motor Co.* v. *United States,* 261 U. S. 514, there could be any recovery for anticipated profits under the cancelled contracts which was the basis for nearly half of the claim.

We think this mandamus must be granted. At common law a plaintiff has an absolute right to discontinue or dis-

miss his suit at any stage of the proceedings prior to verdict or judgment, and this right has been declared to be substantial. *Barrett* v. *Virginian Ry. Co.,* 250 U. S. 473; *Confiscation Cases,* 7 Wall. 454, 457; *Veazie* v. *Wadleigh,* 11 Pet. 55; *United States* v. *Norfolk & Western Ry. Co.,* 118 Fed. 554.

It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. *McGowan* v. *Columbia, etc., Association,* 245 U. S. 352, 358. In *Pullman's Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138, 146, this statement of the rule in *City of Detroit* v. *Detroit City Ry. Co.,* 55 Fed. 569, was approved:

" It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases. *Chicago & A. R. Co.* v. *Union Rolling-Mill Co.,* 109 U. S. 702. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind."

*Cowham* v. *McNider,* 261 Fed. 714; *Thomson-Houston Electric Co.* v. *Holland,* 160 Fed. 768; *Morton Trust Co.* v. *Keith,* 150 Fed. 606; *Pennsylvania Globe Gaslight Co.* v. *Globe Gaslight Co.,* 121 Fed. 1015; *Youtsey* v. *Hoffman,* 108 Fed. 699; *McCabe* v. *Southern Ry. Co.,* 107 Fed. 213.

The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons or may not have given the real one can not affect his right.

The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an

opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree.

We do not perceive in the circumstances of this case any such ground for making an exception to the general rule, as was shown in *Western Union Tel. Co.* v. *American Bell Tel. Co.*, 50 Fed. 662, 664, or in *City of Detroit* v. *Detroit City Ry. Co.*, 55 Fed. 569, or *Manufacturing Co.* v. *Waring*, 46 Fed. 87, or *Electrical Co.* v. *Brush Co.*, 44 Fed. 602, or in *Bank* v. *Rose,* 1 Rich. Eq. 292, or *Booth* v. *Leycester,* 1 Keen, 247.

Under § 145 of the Judicial Code, the Court of Claims is given jurisdiction to hear and determine all counterclaims on the part of the Government " against any claimant against the Government in said court." Under Rule 34 of that court, notice of such counterclaim must be filed within 60 days after the service of the petition on the Attorney General. In this case, no such counterclaim was filed and a general traverse was noted by the clerk. Eighteen months elapsed and nothing was done when the petitioner moved to dismiss without prejudice, and then the Government without proffering any actual counterclaim asked for leave to file one, objecting to dismissal. The case was dismissed but six months later it was restored and a counterclaim filed.

The Government had not when the case was dismissed given any time or expense to the preparation and filing of a cross bill or of the evidence to sustain it. It had not taken any action in respect to the cause which entitled it to say that it would be prejudiced by a dismissal within the meaning of the authorities. It suddenly was awakened by the motion to dismiss to the fact that by eighteen months' delay, it was losing a possible opportunity to litigate a cross claim in the Court of Claims and without a

jury. We think the same rule should obtain in the procedure of the Court of Claims as in federal courts of law and equity in respect to the dismissal of cases without prejudice.

But there is a special reason why the rule must be enforced in this case. By § 154 of the Judicial Code, it is provided that:

" No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom, any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States."

The day after the dismissal of this suit in the Court of Claims, April 30, 1923, the petitioner filed suit in a state court of Washington for something more than nine millions of dollars for the same causes of action as those sued for in the Court of Claims except the claims for anticipated profits. That suit and the section of the Code just quoted necessarily prevent the petitioner from suing on those claims in the Court of Claims, and exclude its jurisdiction of them, because the Fleet Corporation which is sued in the Washington court was certainly acting or professing to act, mediately or immediately, under the authority of the United States. The jurisdiction of these claims by the Court of Claims having been parted with by the order of dismissal in April can not be resumed by a retroactive order of the subsequent November, in view of the restrictive provisions of § 154, which, by reason of the Washington suit, intervene and apply. *Corona Coal Co. v. United States*, 263 U. S. 537.

It only remains to inquire whether this is a proper case for the writ asked. Mandamus is an extraordinary remedial process which is awarded, not as a matter of

right, but in the exercise of a sound judicial discretion. Although classed as a legal remedy, in issuing it a court must be largely controlled by equitable principles. *Duncan Townsite Co. v. Lane,* 245 U. S. 308, 312; *Arant v. Lane,* 249 U. S. 367, 371. It would be a useless waste of time and effort to enforce a trial in the Court of Claims if we were, upon appeal, to find that the petitioner was unjustly deprived of his substantial right to dismiss his petition, as we should have to do for the reasons stated. Added to this is the consideration which has been regarded as furnishing a substantial ground for the extraordinary process of the writ that the petitioner by a denial of his right to dismiss in the Court of Claims will be deprived of a right of trial by jury in the state court of Washington. *Ex parte Peterson,* 253 U. S. 300, 305; *Ex parte Simons,* 247 U. S. 231, 239.

*Writ absolute.*