NOTE.—On October 12, 1925, the Supreme Court decided the case of Aguello et al. v. United States, 46 S. Ct. 4, 70 L. Ed. ——, which case involved the same questions herein decided.

---

## SAUTER v. FIRST NAT. BANK OF PHILADELPHIA et al.

(Circuit Court of Appeals, Seventh Circuit. July 1, 1925. Rehearing Denied September 28, 1925.)

No. 3528.

**1. Courts �köm351½—Pleading of cross-bill held sufficient to prevent plaintiff from dismissing without prejudice.**

In action against bank and individual defendant to establish plaintiff's title to corporate stock, alleged to have been wrongfully lodged by individual defendant with bank as security for loan, pleading filed by bank, denominated "answer and cross-bill," denying fraud and praying that its lien be established and foreclosed, *held*, under equity rule 30, sufficient to constitute cross-bill or counterclaim and preclude plaintiff from dismissing his bill without prejudice.

**2. Dismissal and nonsuit ⊃19(3)—Denial of plaintiff's motion to dismiss without prejudice held not error.**

In action against bank and individual defendant to establish plaintiff's title to corporate stock, alleged to have been wrongfully and fraudulently lodged by individual defendant with bank as security for loan, after bank filed cross-bill denying fraud and praying that its lien be established and foreclosed, it was not error to refuse plaintiff's motion to dismiss his bill without prejudice.

**3. Pleading ⊃236(1)—Amendment of pleadings is largely within discretion of court.**

Amendment of pleadings is largely within discretion of court.

**4. Parties ⊃51(2)—Refusal to permit filing of amended complaint, bringing in another party defendant, held not abuse of discretion.**

In action against bank and individual to establish plaintiff's title to corporate stock, alleged to have been fraudulently lodged by individual defendant with bank as security for loan, refusal to permit plaintiff to file amended complaint, making a second bank a party defendant, *held* not error, where evident purpose of amendment was to defeat jurisdiction of federal court and accomplish indirectly what had been refused through denial of plaintiff's motion to dismiss.

**5. Judgment ⟨⟩235—Judgment held to erroneously determine issues between plaintiff and particular defendant as to whom plaintiff was entitled to dismiss. .**

In action against bank and individual defendant, where plaintiff, after denial, because of pending cross-bill of bank, of his motion to dismiss without prejudice, declined to introduce any evidence, *held* judgment entered after bank had made proof of matter covered by cross-bill erroneously determined issues between plaintiff and individual defendant, as to whom plaintiff was entitled to dismissal at time of his motion therefor.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit by P. H. Sauter against the First National Bank of Philadelphia and another. Decree for defendants, and plaintiff appeals. Affirmed as to named defendant, otherwise reversed with directions.

On March 14, 1924, appellant, a citizen of Missouri, filed his amended bill, asking that certain shares of stock of the Kolb Coal Company, an Illinois corporation, be decreed to be his property, free from any claim thereon of appellees, First National Bank of Philadelphia and Frank Armstrong; the latter being charged in the bill with fraudulently obtaining the stock from appellant and lodging the certificates with the bank as security for a large loan to him, but, as the bill charges, with the bank's knowledge of, and participation in, Armstrong's fraud. Armstrong filed a pleading which he denominated "answer and motion to dismiss," denying specifically all the allegations of fraud, and alleging that he had lawfully obtained the stock, and that it belonged to him, subject to the lien thereon of the bank. The bank filed a pleading, which it called "answer and cross-bill," denying all the alleged fraud, and stating that in good faith it loaned to Armstrong a large sum on the security of the stock, taking his note therefor, that the note is unpaid, and praying "that this defendant be decreed to have a lien and charge upon said shares for the payment of the note aforesaid, with interest and costs herein, that it have leave to bring the certificates representing the shares into registry of the court, and that they be sold according to the usage and practice of courts of chancery, and the proceeds thereof applied to the discharge of the defendant's lien, and for such other and further relief as to the court shall seem meet and proper in the premises."

The cause was set for hearing a number of times, finally on September 3. On that day appellant appeared and moved to dismiss his bill without prejudice. Appellee bank objected on the ground of its pending cross-bill. Appellant contended there was no cross-bill. The motion to dismiss was denied. Thereupon appellant moved to make the First National Bank of St. Louis, Mo., a party defendant, filing in support appellant's affidavit to the effect that this bank had participated in the transaction by holding the stock for a time and fraudulently selling it, and that its participation was with the knowledge of the fraud practised by Armstrong and others on appellant. Neither in the amended bill nor in the affidavit was it stated that the St. Louis bank had any present interest in the stock or its avails. The motion to add this party was denied, and thereupon, on inquiry of the court, appellant's counsel stated that appellant "will not offer any evidence, but will stand on the record as made." Counsel for appellee bank then stated they were ready to proceed with evidence in support of its cross-bill, and it was thereupon stipulated between the parties that, if certain of the defendants were sworn, they would testify to all the material and relevant facts set forth in the answers of Armstrong and appellee bank, saving to appellant the objection to all the evidence, that there was no cross-bill to support its admission. It was further stipulated that "replications may be considered as having been filed to cross-bill and answers," and that, in event of a decree for defendants, the note of Armstrong to the bank is $106,460, and interest to date, $7,665.46. No further evidence appears to have been offered.

The decree dismissed appellant's bill for want of equity, and found that appellee bank is entitled to a decree on its cross-bill; that Armstrong is the owner of the shares of stock in question, subject to appellee bank's first lien thereon for the amount of Armstrong's note of $106,460, and interest; that Armstrong pay to the bank within 30 days the amount so found due, and, in case of his default, the bank deposit the stock certificates in the registry of the court for foreclosure and sale under the court's direction.

David E. Keefe, of East St. Louis, Ill., for appellant.

Bruce A. Campbell, of East St. Louis, Ill., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). It is contended for appellant that the pleading of appellee bank was not a cross-bill or counterclaim under rule 30 of the federal Equity Rules, which is in part, "the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counter-claim so set up shall have the same effect as a cross-suit so as to enable the court to pronounce a final judgment on the same suit upon both the original and cross-claims."

In Amer. Mills Co. v. Amer. Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, the court said of the rule that it "should be liberally construed to carry out its evident purpose of shortening litigation." And in Kishi v. Oil Co., 298 F. 218 (5 C. C. A.), it was said, "An answer seeking affirmative relief by the new equity rules, occupies the position of a cross-bill under the old practice." But it is urged that the affirmative relief demanded by the bank in its answer was in fact only the statement of a defense to the bill, and was not the "subject of an independent suit in equity" against appellant. The bank had the undoubted right to proceed in equity to foreclose its lien, notwithstanding its contractual right to realize on the security by making a sale of it under the terms of its collateral note. 21 R. C. L. 695; Guaranty Trust Co. v. Green Cove R. R. Co., 139 U. S. 137, 11 S. Ct. 512, 35 L. Ed. 116.

[1] Whether under rule 30 this would give appellee bank the right to proceed by cross-bill or counterclaim in appellant's action to foreclose the lien created by its co-defendant, Armstrong, we need not consider. Armstrong is making no complaint of the decree of foreclosure against him. But from the wording of the rule it would seem that the cross-bill or counterclaim must be such as would be the subject of an independent suit in equity against the appellant. It is apparent that appellant was making definite claim of his ownership of the stock upon which the bank asserted its lien through the loan made to Armstrong upon the security of the stock certificates which Armstrong delivered to it. One need but to examine appellant's bill to know that his assertion of title in himself, to the exclusion of the bank's lien, was thus definitely and formally put forth. Such an undertaking is of necessity more or less influential in beclouding the title to the property, and it conferred upon the bank the right to proceed in equity against appellant to have determined and settled the validity of the claim thus made. This would constitute a right of action in equity by appellee bank against appellant, which, in our judgment, would bring it within the purview of rule 30. In our view, under the facts set up in the pleadings, the undertaking to foreclose the bank's lien directly involved the question of superiority of title to the shares of stock as between appellant and appellee bank, and, in foreclosing its lien, the bank may properly have, as an incident thereto, the affirmative relief against appellant which it might have had if appellant had been made defendant in a suit in equity by the bank to obtain against him similar relief.

[2] Regarding the bank's pleading as properly a cross-bill or counterclaim under the rule, was appellant entitled upon his motion, opposed by appellee bank, to have his bill dismissed without prejudice? In Illinois there is a statute preventing dismissal of plaintiff's bill after cross-bill is filed. No such statute is applicable to the federal courts. There are many decisions touching more or less directly upon the subject, which we will not undertake to review nor cite. It was recently stated by the United States Supreme Court in Ex parte Skinner & Eddy Corp., 265 U. S. 86, 44 S. Ct. 446, 68 L. Ed. 912:

"It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. * * * The right to dismiss, if it exists, is absolute. * * * The usual ground for denying a complainant in equity the right to dismiss his bill without prejudice at his own costs is that the cause has proceeded so far that the defendant is in a position to demand on the pleadings an opportunity to seek affirmative relief and he would be prejudiced by being remitted to a separate action. Having been put to the trouble of getting his counter case properly pleaded and ready, he may insist that the cause proceed to a decree."

The opinion quotes with approval a similar statement from Detroit v. Detroit City Ry. Co. (C. C.) 55 F. 569, which case has been frequently cited with approval by federal courts. The facts here are in principle quite analogous to those in the Detroit Case. The bill there charged that the street railway company was operating without right, and was stated to be in the nature of a bill to remove a cloud from the title of the city

to the exclusive use of its streets unencumbered by claims of the railway company. The answer of the company concluded with the prayer for affirmative relief against the city, asking that it be enjoined from in any manner interfering with it in its occupancy of the streets under certain asserted ordinances of the city. When the case came on for hearing, the city undertook to dismiss its bill without prejudice. The railway company objected, and insisted on making proof on its claim for affirmative relief. The court held that, under the circumstances there appearing, the railway company should have the right to establish its demand for affirmative relief, and would be prejudiced by the dismissal of the city's bill, and denied the motion to dismiss.

Appellee bank had, in the words of Ex parte Skinner & Eddy Corp., supra, put itself "in a position to demand on the pleadings an opportunity to seek affirmative relief." Besides, delay in the determination of the issue of the controverted title as between appellant and the bank was in the nature of things as distinctly harmful and prejudicial to the bank in realizing upon this security as was the case in Detroit v. Detroit City Ry. Co., supra.

Appellant was given opportunity to present his evidence, but declined to do so. While it does not appear whether or not he was ready to proceed, the record shows no effort on his part to procure further time in which to prepare. He simply declined to produce evidence, saying he stood upon the record as made. We find no error in the court's refusal to dismiss the bill as against appellee bank.

[3, 4] There is no merit in the contention of error in the court's denial of appellant's motion for leave to further amend its bill by making the First National Bank of St. Louis a party. The alleged facts respecting this bank's connection with the transaction were set up in the amended bill, but appellant did not then see fit to make the Missouri bank a party, evidently in the fear that this might oust the federal court of jurisdiction. Amendment of pleadings is largely within the discretion of the court. In view of the length of time this bill was pending, the several settings for hearing, and the first making of the motion for this amendment at the time of the last setting, after motion to dismiss had been denied, and the evident purpose that through the amendment the court's jurisdiction of the cause should be lost, and

there be thus indirectly effected what had been directly refused through denial of the motion to dismiss, there was surely no abuse of discretion in denying the motion to amend.

[5] The decree, however, goes further than to grant the relief demanded by the appellee bank. It found that Armstrong is the owner of the shares of stock (subject to the lien of the bank), and dismissed the bill for want of equity, not only as to the bank, but as to Armstrong and the other appellees named.

The decree assumes to adjudicate the ownership of the stock as between Armstrong and appellant. Armstrong made no demand for affirmative relief, and was in no position to resist appellant's motion to dismiss the bill as against him. To accord the bank the affirmative relief it demanded, it was not necessary to settle the conflicting claims of appellant and Armstrong. It was sufficient for the bank that the decree found its lien superior to the claim of appellant. What then were the equities as between Armstrong and appellant did not concern the bank. If Armstrong should comply with the decree by paying the bank the amount of its loan to him, appellee bank's relief sought by its cross-bill would have been fully obtained, and the security would pass back to Armstrong, in which event the decree ought not to preclude appellant from asserting his claim to the stock as against Armstrong. There may be a surplus after the bank's claim is satisfied out of the stock, or, assuming that the bank's lien takes the stock, appellant should have the right, independent of the stock itself, to pursue Armstrong for the fraud which appellant claims he perpetrated. In any such event appellant should be left free to pursue his action against Armstrong, untrammeled by the proceedings wherein he sought no affirmative relief. As between appellant and the appellees who sought no affirmative relief, the bill as to such appellees should have been considered as dismissed, and no findings or orders made adjudicating equities as between them and appellant.

The decree is affirmed as to the First National Bank of Philadelphia, and it is reversed as to Armstrong, with direction to dismiss the bill, without prejudice, as to Armstrong and all the other defendants named in the bill except the First National Bank of Philadelphia.