ARMAND SCHMOLL, INC., Plaintiff, *v.* UNITED STATES AND AUSTRALASIA STEAMSHIP COMPANY and Others, Defendants.*

Supreme Court, Queens County, July 19, 1926.

Evidence — judicial notice — court bound to take judicial notice of legislation affecting Emergency Fleet Corporation — election of remedies — rule, as to effect of election to sue undisclosed principal, not applicable to relation between United States government and Emergency Fleet Corporation.

The Supreme Court is bound to take judicial notice of legislation giving authority and power to the Emergency Fleet Corporation, since whatever relationship exists between the United States government and said corporation was created by statute.

The rule as to the effect of an election to sue an undisclosed principal is not applicable to the relation between the United States government and the Emergency Fleet Corporation.

ACTION by Armand Schmoll, Inc., against the United States and Australasia Steamship Company and others.

MacCRATE, J. Motion denied. The defense did not go to the jurisdiction of the court, nor to the pendency of another action between the same parties for the same cause. It was confined to

---

* See, also, 209 App. Div. 68.

the claim that the plaintiff elected to sue the principal, instead of the agent, and that, therefore, this action did not lie.

Whatever relationship existed between the United States government and the Emergency Fleet Corporation (*Sloan Shipyards Corp.* v. *U. S. Shipping Board Emergency Fleet Corp.*, 258 U. S. 549; 42 S. Ct. 386; 66 L. Ed. 762; *Ex parte Skinner & Eddy Corp.*, 265 U. S. 86, 92; 44 S. Ct. 446; 68 L. Ed. 912) was created by statute. This court is bound to take judicial notice of the legislation authorizing and empowering the Fleet Corporation. It is true that the Fleet Corporation has been spoken of as the agent of the government. Nevertheless the decisions in cases involving the Emergency Fleet Corporation have denied to it the immunities and privileges commonly enjoyed by the government or by an agent. (*Sloan Shipyards Corp.* v. *U. S. Shipping Board Emergency Fleet Corp.*, *supra;* *Matter of Eastern Shore Shipbuilding Corp.*, [C. C. A.] 274 Fed. 893; affd., *sub nom. Sloan Shipyards Corp.* v. *U. S. Shipping Board Emergency Fleet Corp.*, 258 U. S. 549; 42 S. Ct. 386; 66 L. Ed. 762; *Providence Engineering Corp.* v. *Downey Shipbuilding Corp.*, [C. C. A.] 294 Fed. 641; certiorari denied, *United States Shipping Board Emergency Fleet Corp.* v. *Chase Nat. Bank of City of New York*, 264 U. S. 586; 44 S. Ct. 334; 68 L. Ed. 862; *U. S. Shipping Board Emergency Fleet Corp.* v. *O'Shea*, 55 App. D. C. 300; 5 F. [2d] 123; *Wallace* v. *U. S. Shipping Board Emergency Fleet Corp.*, [D. C.] Id. 234.) It seems to me, not only from the nature of the Fleet Corporation (*Mallory S. S. Co.* v. *Garfield*, 10 F. [2d] 664), but also on the facts of this case, the rule as to the effect of an election to sue an undisclosed principal is not applicable.