### BASSICK MFG. CO. v. SELTZER et al.

District Court, E. D. Pa.   January 22, 1930.

#### No. 3225.

Barnes, Biddle & Myers, of Philadelphia, Pa., and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

H. H. Krekstein, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiff on January 5, 1925, filed its bill in equity against the defendants, charging infringement of United States patents to Gullborg, No. 1,307,733, for improvements in lubricating apparatus, and No. 1,307,734, for improvements in lubricating means; the plaintiff suing as assignee and owner of the said patents. The defendants, on February 16, 1925, answered denying infringement.

On January 9, 1930, the cause came on for final hearing upon the issues raised by the pleadings. At the hearing, the plaintiff failed to prove the allegations of the bill of use and sale by the defendants of lubricating apparatus, or devices designed and intended for use in such apparatus, embodying its patented inventions. As the cause was heard in sequence with two other causes in which the plaintiff was suing other defendants for infringement of the same patents, it was, after the testimony was closed, held under consideration.

On January 21, 1930, the plaintiff moved that the cause be dismissed without prejudice at the plaintiff's costs. At the hearing upon that motion, the defendants moved that the bill be dismissed. The plaintiff's contention is that, in the circumstances of the case, it has an absolute right to a dismissal of the bill without prejudice, and its counsel cites, inter alia, as authority for that contention Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 44 S. Ct. 446, 447, 68 L. Ed. 912, Greenville Banking & Trust Co. v. Selcow (C. C. A.) 25 F.(2d) 78, and Bassick Manufacturing Co. v. Frank Miller Co. (C. C. A.) 31 F.(2d) 112.

Upon careful consideration of those cases and the cases therein cited, I am not convinced that the instant case comes within the law as therein laid down. In the language of Chief Justice Taft in Ex parte Skinner & Eddy Corporation, supra:

"It is ordinarily the undisputed right of a plaintiff to dismiss a bill in equity before final hearing. McGowan v. Columbia, etc., Association, 245 U. S. 352, 358, 38 S. Ct. 129, 62 L. Ed. 342. In Pullman's Car Co. v. [Central] Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 43 L. Ed. 108, this statement of the rule in City of Detroit v. Detroit City Railway Co. (C. C.) 55 F. 569, was approved:

" 'It is very clear from an examination of the authorities, English and American, that the right of a complainant to dismiss his bill without prejudice, on payment of costs, was of course except in certain cases.

Chicago & A. R. Co. v. Union Rolling-Mill Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081. The exception was where a dismissal of the bill would prejudice the defendants in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind.'

"See Cowham v. McNider (D. C.) 261 F. 714; Thomson-Houston Electric Co. v. Holland (C. C.) 160 F. 768; Morton Trust Co. v. Keith (C. C.) 150 F. 606; Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C. C.) 121 F. 1015; Youtsey v. Hoffman (C. C.) 108 F. 699; McCabe v. Southern Ry. Co. (C. C.) 107 F. 213."

I have been unable to find any authority to support the plaintiff's contention that it has an absolute right to dismiss without prejudice after final hearing and after having submitted its case for consideration and decision by the judge.

At common law the plaintiff has an undoubted right to suffer a voluntary nonsuit before the case has gone to the jury, but no authority has been cited, and I know of none, for the exercise of that right after the case is submitted to a jury and the jury is considering its verdict.

Here the plaintiff is seeking to deprive the defendants of their right upon the pleadings and proofs to have a decree dismissing the bill. If the plaintiff was not prepared with its proofs to establish its case, it might have moved for a continuance when it came up for hearing. It, however, elected to proceed upon such testimony as it was able to produce, and should take the consequences of its election. It would therefore be, in my opinion, an unwarranted extension of the discretion of the court to grant its present motion.

The plaintiff's motion is therefore denied. The bill will be dismissed, with costs to the defendants. A decree may be presented accordingly.