### ELLIOTT ADDRESSING MACH. CO. v. NEW ENGLAND TELEPHONE & TELEGRAPH CO.

#### No. 4245.

District Court, D. Massachusetts.

May 6, 1937.

Franklin F. Phillips, Fish, Richardson & Neave, and Richard Whiting, all of Boston, Mass., for plaintiff.

Dike, Calver & Gray, George P. Dike, Cedric W. Porter, James N. Clark, and Powers & Hall, all of Boston, Mass., and William O. Bell and Geo. H. Wallace, both of Chicago, Ill., for defendant.

BREWSTER, District Judge.

In the above-entitled suit in equity, brought to establish infringement of a patent held by the plaintiff, the plaintiff has filed a motion to dismiss its bill without prejudice. The defendant opposes this motion on the grounds that these proceedings have now gone beyond a point where the plaintiff is entitled as of right to discontinue, and that the circumstances here are such that it ought not to be permitted to do so. The pleadings have been completed, and the case is now ready for trial on the merits. No counterclaim or other request for affirmative relief has been filed by the defendant, nor have any orders or decrees been entered. The defendant has, however, been put to considerable expense in taking some twenty-four depositions in various cities and has incurred expense in other ways in the preparation of its case for trial.

The general rule is settled in the federal courts that a plaintiff possesses the unqualified right to dismiss his bill unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter. Pullman's Palace-Car Co. v. Central Transportation Co., 171 U.S. 138, 18 S.Ct. 808, 43 L.Ed. 108; Ex Parte Matter of Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912; Jones v. Securities & Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015; City of Detroit v. Detroit City Ry. Co. (C.C.) 55 F. 569.

In Pennsylvania Globe Gaslight Co. v. Globe Gaslight Co. (C.C.Dist. of Mass.) 121 F. 1015, which was a suit in equity for patent infringement, it appeared that the evidence was closed, the record printed, and the case ready for final hearing

280

when the plaintiff moved to dismiss. It was held that the bill should be dismissed without prejudice. The court said:

"The general rule that a complainant has the right to dismiss his bill at any time before hearing is too firmly established to require any citation of authority. It is equally well settled that the annoyance to the defendant of a second litigation is no ground for refusing to dismiss the bill. The only question which can arise in any given case is whether the complainant comes within the exceptions to the rule. These exceptions may be briefly stated: First, where the dismissal would deprive the defendant of some substantial right which has accrued to him since the suit was commenced; second, where the defendant prays for, or is entitled to, some affirmative relief, as, for example, where there is a cross-bill."

In Morton Trust Co. v. Keith (C.C. Dist. of Mass.) 150 F. 606, which was also an equity suit for patent infringement, the plaintiff moved to dismiss the bill without prejudice after the proofs had been completed, but before the case was set down for hearing. The defendant asked that the bill be dismissed without prejudice only upon condition that testimony in the cause be available in any future suit. The court held that the plaintiff had an absolute right to dismiss the bill without prejudice upon payment of costs.

In view of these cases, I am unable to hold that this case has proceeded far enough to bring it within the exception to the general rule, as laid down by the Supreme Court.

Defendant relies upon Hills v. Federal Optical Co. (D.C.) 295 F. 213, which was a case where the learned judge thought he was not required by the decisions of the Supreme Court to grant plaintiff's motion to dismiss. It appears in that case that the court had considered defendant's motion to dismiss on the merits and had continued the case for further evidence, to complete the record. Later, when the matter came before him on plaintiff's motion to dismiss without prejudice, and defendant's motion to dismiss on the merits, he overruled plaintiff's motion and granted defendant's. The case at bar presents no such situation. I am constrained to hold that the decisions of the Supreme Court, above cited, require me to grant plaintiff's motion under the circumstances disclosed on the record before me.

If the plaintiff has an unqualified right to dismiss its bill, this court may not impose terms, other than costs, in granting the motion to dismiss. Morton Trust Co. et al. v. Keith et al. supra; Young v. J. Samuels & Bro., Inc. (D.C.R.I.) 232 F. 784.

The plaintiff's motion to dismiss without prejudice is granted upon payment of costs.