**SMITH'S TRANSFER CORPORATION OF STAUNTON, VIRGINIA, Staunton, Virginia, Petitioner,**

v.

**The Honorable Alfred Dickinson BARKSDALE, District Judge of the United States District Court for the Western District of Virginia, Lynchburg, Virginia.**

No. 7733.

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1958.

Decided Oct. 10, 1958.

Bryce Rea, Jr., Washington, D. C., for petitioner, Smith's Transfer Corp. of Staunton, Va.

Wilbert G. Burnette, Lynchburg, Va., for Lynchburg Traffic Bureau.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

Smith's Transfer Corporation of Staunton, Virginia, a body corporate of that state, files a petition for mandamus in this court commanding the district judge to dismiss a suit brought against it by Lynchburg Traffic Bureau, also a Virginia corporation, to recover the sum of $3,675.00 collected by Smith's from the Traffic Bureau for the transportation of property by motor vehicle in excess of lawful, just and reasonable rates. The action was brought under Secs. 216(b) and 216(d) of the Interstate Commerce Act, 49 U.S.C.A. §§ 316(b) and 316(d), and the jurisdiction of the court was based on Sec. 1337 of the Judicial Code, 28 U.S.C.A. Sec. 1337, which confers jurisdiction upon the district courts of civil actions arising under any act of Congress regulating interstate commerce.

After the suit was filed in the district court Smith's filed a motion to dismiss on the ground that the complaint failed to state a claim cognizable in a Federal court. It contended that the Traffic Bureau's only remedy was to sue upon the common law right of action which arises when a common carrier exacts unreasonable rates for its services, and that such a suit against a motor carrier can be brought only in the state court where, as here, there is no diversity of citizenship between the parties, since the Interstate Commerce Act does not expressly empower the Commission to consider claims for reparations based on past overcharges by motor carriers.

The district judge denied the motion to dismiss. He agreed that the district court had no power to fix reasonable rates for motor carriers but he decided, in accordance with the usual procedure, to hold the case in abeyance until the reasonableness of the rates should have been determined by the Interstate Commerce Commission in an appropriate proceeding which had been instituted before it for that purpose. Then followed the filing of petition for mandamus in this court.

The contention that a shipper has no right of action under the Federal statute for past overcharges by motor carrier was overruled in United States v. Davidson Transfer & Storage Co., D. C.Cir., 259 F.2d 802, notwithstanding certain statements seemingly to the con-

trary in the earlier opinion of the Supreme Court in Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912, with respect to the situation pending before that Court. We do not now undertake to pass upon this question, for we think that the petition for mandamus must be denied since it is in effect a premature appeal, and the district court has decided only that it has jurisdiction of the case and has not yet rendered a final decision adverse to the carrier. That decision will necessarily be based upon the determination of the Interstate Commerce Commission as to the reasonableness of the rates, and if they are held by the Commission to be lawful and reasonable, Smith's will have no occasion to bring the case to this court on appeal.

■■■ We find nothing in the present situation to justify a departure from the established practice that, in order to prevent piecemeal appeals, questions of jurisdiction as well as questions going to the merits of a controversy cannot be reviewed on petition for mandamus, but only on appeal. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185. In exceptional cases the writ may be used to confine an inferior court to the exercise of its jurisdiction, but even in such cases the appellate courts are reluctant to interfere with the decision of the lower court on jurisdictional questions which are reviewable in the course of an appeal. The decisions approving the issuance of a writ of mandamus on which the petitioner relies in LaBuy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; United States v. United States District Court, 4 Cir., 238 F.2d 713, and In Re Skinner & Eddy Corp., 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912, related to peculiar situations in which the trial judge failed to exercise his powers, or exercised them improperly to the detriment of the parties concerned. They furnish no basis for the grant of writ of mandamus in the pending case. It is conceded that the course which the case has heretofore taken is in accordance with the usual practice which the Commission and the courts have followed since the passage of the Motor Carriers Act,* and it is clear that the petitioner will have full opportunity to present its contention as to the jurisdiction of the court if the case comes to this court in the usual course of an appeal.

The petition for mandamus is denied.

---

* See United States v. Davidson Transfer & Storage Co., Inc., 302 I.C.C. 87.