PERKINS-BARNES CONSTRUCTION COMPANY, INC., PETITIONER, *v.* THE SECRETARY OF WAR, RESPONDENT.

Docket No. 67–R.   Promulgated September 24, 1947.

*Guy B. Hazelgrove, Esq.*, for the petitioner.
*Robert H. Winn, Esq.*, for the respondent.

OPINION.

TURNER, *Judge*: On July 3, 1944, the Secretary of War, acting through Robert P. Patterson, Under Secretary of War, entered an order, and gave notice thereof to the petitioner, determining that it had realized excessive profits on war contracts in the amount of $104,000 for the fiscal year ended August 31, 1942.   On September 26, 1944, the petitioner filed its petition herein, alleging that the respondent erred in his determination of excessive profits, as stated, and prayed, among other things, that this Court determine that it had realized no excessive profits during the year in question.   The respondent in due course filed his answer, denying error in his determination.   The proceeding was thereafter placed on the Washington calendar of April 15, 1946, for hearing, and on April 3, 1946, the petitioner filed a motion to strike the proceeding from the said calendar, stating as reasons therefor that the petitioner had requested an audit of its books by the respondent and was of the belief that upon completion of the audit it would be possible for the respondent and the petitioner to stipulate all, or nearly all, of the relevant admissible facts, making the appearance of witnesses unnecessary and therefore shortening the

trial. It was stated that the audit could not be completed by the trial date. This request, being wholly within the spirit of Rule 31 (b) of the Court's Rules of Practice, the motion was granted and the proceeding was stricken from the Washington calendar of April 15, 1946.

Thereafter, on January 17, 1947, notice was sent to the parties that the hearing of the proceeding would be held before a division of the Court in Washington, D. C., on March 10, 1947. On February 21, 1947, the petitioner filed a motion to dismiss its petition. On February 24, 1947, the next workday of the Court and, therefore, the next day on which the Court was open for the filing of any matter, the respondent filed a motion for leave to file an amended answer, thereto attached. The said amended answer asked for a determination that the petitioner for the above year had realized excessive profits on war contracts in the amount of $140,000, instead of $104,000, as determined in the unilateral order of the Secretary of War on July 3, 1944. The amended answer so offered contained certain allegations of facts and figures in support of the claim for an increase in the amount of excessive profits previously determined. The motion of the petitioner to dismiss the proceeding and that of the respondent for leave to file an amended answer were set for hearing jointly and argument thereon was had.

From the statements made by counsel at the time of the hearing, certain other facts may be and are regarded as agreed to or undisputed. On February 17, 1947, after notice of hearing of the proceeding on March 10, 1947, had been issued, counsel for the respondent proceeded to Richmond, Virginia, to confer with the respondent's auditors and for a subsequent conference with the petitioner's counsel, with a view to stipulating the facts. The results of the audit gave basis for the belief on the part of the respondent's counsel that the renegotiable profits realized by petitioner on its war contracts for the year here in question amounted to approximately $193,000, which was some $43,000 in excess of the amount of renegotiable profits which had been the basis for the respondent's determination that the petitioner had realized excessive profits of $104,000. The petitioner's counsel does not dispute the fact that the figures disclosed by the audit gave substantial, if not definite, basis for such conclusions on the part of the respondent. It thereafter developed that the parties were unable to proceed to the stipulation of the facts in the proceeding. There was some mention or discussion on the part of the respondent's counsel with respect to the filing of an amended answer asking for an increased amount as the excessive profits on the war contracts above. The conference between counsel of the parties was terminated on February 19, 1947, and counsel for the respondent left Richmond. On February 21, as above stated, the petitioner filed its motion to dismiss the proceeding and on February 24, the next day on which documents might be filed

with this Court, the respondent filed its motion for leave to amend its answer asking for the increased amount in excessive profits.

The petitioner, relying upon the opinion of the Supreme Court of the United States in *Ex Parte Skinner & Eddy Corporation*, 265 U. S. 86, contends that, so long as the Government has not actually filed any counterclaim or other claim for an increased amount and has not been put to expense with respect thereto, it, the petitioner, is in control of the litigation and may have the proceeding dismissed as a matter of right. It is the contention of the respondent that under the statute the filing of the proceeding by the petitioner gave to the Government certain rights, which would be prejudiced by such uncontrolled dismissal by the petitioner; that he has gone to certain expense and trouble in the preparation of the amended answer making the claim for the increased amount; and that the matter of dismissal is one within the discretion of the Court.

From an examination of the Supreme Court's opinion in *Ex Parte Skinner & Eddy Corporation, supra*, and the opinions in other cases cited by the Court therein, the general rule appears to be that a petitioner or claimant may have his proceeding dismissed, unless a dismissal would prejudice the defendant in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind. *Western Union Telegraph Co.* v. *American Bell Telephone Co.*, 50 Fed. (2d) 662; *City of Detroit* v. *Detroit City Railway Co.*, 55 Fed. (2d) 569; *Chicago & Alton Railroad Co.* v. *Union Rolling Mill Co.*, 109 U. S. 702, see matter on page 714; *Pullman's Palace Car Co.* v. *Central Transportation Co.*, 171 U. S. 138. (In the case last cited, the Court, as in this case, had a joint hearing on the complainant's motion to dismiss and the defendant's motion for counter relief.)

After a review of the facts, an examination of decided cases, and a study of the question involved, it is our conclusion that the situation here presented is not one which will permit the petitioner to have the proceeding dismissed as a matter of right. Determination, therefore, of the question of dismissal is one that is within the discretion of the Court, such discretion to be exercised after taking into consideration the law, the facts, and the attendant circumstances. When Congress amended the Renegotiation Act in section 701 of the Revenue Act of 1943, it plainly indicated that, in giving to war contractors the right to file a petition with the Tax Court and to have the question of the existence of excessive profits and the amount thereof, if any, determined by this Court, the war contractor, by filing such petition, was at the same time advancing, holding open, or preserving in the United States Government the right, upon proper showing, to have an increased amount of profits from the war contracts determined as excessive. See section 403 (e) (1) and section 403 (e) (2) of the

Renegotiation Act, as amended. But for the reservation to the Government of that right through the filing of the petition by the war contractor, the right of the Government to recapture any parts of the amounts paid under war contracts merely because they might in reason and upon the facts be regarded as excessive, would, in so far as we have been able to determine, have been at an end when the unilateral order of the Secretary, the Secretary of War in this instance, was entered. A dismissal by the petitioner as a matter of right obviously could in some cases definitely prejudice the rights of the respondent. In proceedings such as the one here, he would not, as in the usual case or controversy, have any other forum to which he might turn. In *Chicago & Alton Railroad Co.* v. *Union Rolling Mill Co., supra,* the Supreme Court took note of the fact that the defendant there might be barred by the statute of limitations from filing a new suit to enforce his counter claim.

It is not to be understood, however, that the respondent may, as a matter of right, block dismissal by countering a motion to dismiss with a motion to amend his answer asking for an increased amount as excessive profits. It is true that the Congress did grant to the Tax Court jurisdiction and the power to determine as the amount of excessive profits an amount either less than, equal to, or greater than that originally determined by the renegotiating authority. But at the same time it did not change the power previously given to the Court to make, promulgate, and require adherence to rules for orderly procedure, and under those rules the respondent must, if he desires a determination of a greater amount of excessive profits, proceed with diligence in making his claim. He may not sit idly by and, by opposing dismissal of the proceeding, force the petitioner to a long and tedious trial merely in the hope that such trial may produce some evidence that will supply a basis for making the claim for an increased amount. In the instant case, however, the facts show no such conduct on the part of the respondent. His counsel and auditors, insofar as the record shows, have proceeded with diligence and dispatch. There is no basis here for making any claim or contention that there was any unreasonable delay beyond the time within which a claim for an increase in the amount of excessive profits, as originally determined, should have been made. It is our conclusion, therefore, that the respondent here does have rights which would be prejudiced by dismissal of the proceeding, and unreasonably so.

The petitioner's motion to dismiss the proceeding will be denied and the respondent's motion for leave to file an amended answer will be granted.

Reviewed by the Court.

*The Court's order will be entered in accordance herewith.*