JOHN J. FITZSIMONS AND DIANE FITZSIMONS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fitzsimons v. Commissioner
Docket No. 17866-88
United States Tax Court
T.C. Memo 1990-151; 1990 Tax Ct. Memo LEXIS 175; 59 T.C.M. (CCH) 183; T.C.M. (RIA) 90151; March 20, 1990
Patrick J. Murphy, for the petitioners. Wendy Sands, for the respondent. GERBER
*333 MEMORANDUM OPINION GERBER, Judge: Petitioners have moved to reconsider our Order of Dismissal and Decision, entered January 19, 1990. This case was dismissed and a decision entered in connection with an order to show cause concerning respondent's motion for compliance with discovery requests or to employ sanctions; petitioners' failure to properly prepare and appear ready for trial; and, in connection therewith, the denial of petitioners' motion to withdraw their petition without prejudice. Petitioners' *176 motion for reconsideration is denied for the following reasons. Background
By a Notice Setting Case for Trial and Standing Pre-Trial Order, both dated and served June 23, 1989, petitioners were advised of the scheduled trial of their case during the trial session of the Court commencing on December 4, 1989, at New York, New York. The Standing Pre-Trial Order, among other requirements and obligations, advised that "Continuances will be granted only in exceptional circumstances." The pre-trial order also requires the parties to be prepared for trial, to stipulate facts to the maximum extent possible, and to submit trial memoranda to the Court on specified deadlines set forth in the order. The parties were alerted that unexcused failure to comply with the order may result in sanctions, including dismissal. Thereafter, on October 5, 1989, respondent moved to compel responses to two types of discovery. By an order, dated October 11, 1989, petitioners were ordered to comply with the discovery requests or otherwise object on or before October 27, 1989. In the event that petitioners failed to comply or object, as ordered, they were further ordered to appear at a session of *177 the Court scheduled for November 15, 1989, and show cause why sanctions should not be imposed pursuant to Rule 104, Tax Court Rules of Practice and Procedure.
Petitioners did not comply with the Court's October 11, 1989, order, in that they did not respond to respondent's discovery requests on or before October 27, 1989, or appear on November 15, 1989, and show cause why sanctions should not be imposed. By order dated November 15, 1989, the show cause order was made absolute and as a sanction petitioners were "precluded from introducing [at trial] any documents or interrogatories previously requested by respondent * * *." This case was called for trial on December 4, 1989, and petitioners' representative, Patrick J. Murphy, appeared and offered answers to respondent's interrogatories and an Answer to Order to Show Cause. As to the answers to interrogatories, petitioners generally indicated that they were not knowledgeable about many of the questions asked of them. Petitioners failed to produce the documents requested by respondent. Instead, petitioners contended that respondent's agent had seen some of the documents requested and that petitioners were willing to provide the *178 remainder to respondent's counsel at some future time. Mr. Murphy advised the Court that petitioner (petitioner, when used in the singular, refers to John J. Fitzsimons) was one of several partners in some type of computer-related business, that the partnership business was in the process of being audited, and that all partners, except for petitioner, executed a waiver to extend the period within which respondent could assess tax. Accordingly, respondent issued a statutory notice of deficiency to petitioners. Petitioners, however, have not pursued the litigation of their case, hoping that the audit would conclude and that it would be resolved administratively. Mr. Murphy also advised that petitioners have been receiving bills from one of respondent's service centers for the tax in question. Following the filing of their petition, petitioners claim to have paid the tax in full and, at the December 4, 1989, trial session, sought to dismiss this case by the withdrawal of their petition without prejudice or in the alternative to *334 have the case continued. We note that petitioners' motion to continue was raised as an afterthought, when their counsel was advised by the *179 Court that it was unlikely that they would be permitted to withdraw their petition without prejudice. Motion to Dismiss - Withdrawal of Petition
Petitioners moved to have this case dismissed without prejudice to them by means of the Court permitting the withdrawal of their petition. Petitioners made this motion after respondent answered the case and at a time when the case was at issue. Indeed, petitioners, after failing to respond to discovery, failing to comply with several court orders, and failing to properly prepare for trial, now come forward and seek the withdrawal of their petition. Respondent amply described the prejudice to him that would be occasioned by such a dismissal without prejudice. Essentially, petitioners' argument is that we lack jurisdiction to hear this matter because petitioners seek to and are entitled to withdraw their petition. Petitioners have submitted to our jurisdiction by filing their petition. Pursuant to section 7459(d), [1] "[i]f a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount *180 determined by the Secretary." Once petitioners have submitted to our jurisdiction they are precluded from thereafter instituting a suit for a refund. See section 6512(a) which provides "if the taxpayer files a petition with the Tax Court within the time prescribed * * * no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court * * *." Estate of Ming v. Commissioner, 62 T.C. 519 (1974); Fiorito v. Commissioner, T.C. Memo. 1981-576, affd. without published opinion 720 F.2d 682 (7th Cir. 1983). Petitioners are precluded from seeking the jurisdiction of a refund forum, and because petitioner did not extend the period within which respondent could assess, respondent is precluded from sending further notices of deficiency to petitioners. Accordingly, there does not appear to be any way to permit petitioners' withdrawal without prejudice. More importantly, respondent would clearly be prejudiced if we granted petitioners' motion because no further notices of deficiency could be issued *181 and because respondent had prepared for trial only to appear and be confronted by a motion to dismiss or continue. Petitioners have directed our attention to a 1924 Supreme Court case addressing a plaintiff's right to seek dismissal without prejudice. Ex Parte Skinner & Eddy Corp., 265 U.S. 86 (1924). [2] We addressed the 1924 Supreme Court case in a 1947 case, as follows: From an examination of the Supreme Court's opinion in Ex Parte Skinner & Eddy Corporation, supra, and the opinions in other cases cited by the Court therein, the general rule appears to be that a petitioner or claimant may have his proceeding dismissed, unless a dismissal would prejudice the defendant in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind. * * * [Citations omitted.] Perkins-Barnes Construction Co. v. Commissioner, 9 T.C. 388, 390 (1947). *182 Assuming that standard is applicable to current cases, petitioners here should not be permitted to withdraw their petition because it would result in prejudice to respondent. As described above, respondent would be unable to determine a deficiency with respect to petitioners' taxable year in issue because of the expiration of the statute of limitations, which was precipitated by petitioner's refusal to extend the statutory period. Accordingly, we hold that our refusal to permit petitioners to withdraw their petition was appropriate and, to that extent, petitioners' motion for reconsideration should be denied. Order to Show Cause - Motion for Continuance
Our recitation of the background of this case contains ample and numerous reasons for the dismissal of this case because of petitioners' failure to comply with two different orders of this Court and because petitioners have failed to prosecute this matter as ordered. To reflect the foregoing, An order will be issued denying petitioners' Motion to Reconsider. Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the period under consideration.↩
2. Although the current statutory scheme generally appears to preclude the withdrawal of a petition without prejudice, we evaluate petitioners' arguments as if the principals enunciated in Ex Parte Skinner & Eddy Corp., 265 U.S. 86↩ (1924), apply.