## CORONA COAL COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 42. Argued November 23, 26, 1923.—Decided January 7, 1924.

Where coal, requisitioned by the Fuel Administration for the Railroad Administration, was paid for by the latter at prices fixed in contracts between certain carriers, which it took over, and the coal owner, *held:*

(a) That the owner's claims against the Railroad Administration, reserved in the requisition, for the difference between the price paid and the greater price then fixed generally by the Fuel Administration, were causes of action arising out of the possession, use and operation of the carriers by the President, within Transportation Act, § 206a, authorizing suit against the agent appointed by him. P. 539.

(b) Under Jud. Code, § 154, the institution and pendency of such actions in the District Court prevents prosecution of an appeal pending here from an earlier judgment of the Court of Claims rejecting a claim against the United States on the same cause. *Id.*

(c) This prohibition of § 154 cannot be avoided upon the ground that the later actions were brought to avoid the time limitation of the Transportation Act. *Id.*

Appeal to review 57 Ct. Clms. 607, dismissed.

APPEAL from a judgment of the Court of Claims dismissing a petition.

*Mr. Forney Johnston* for appellant.

The actions instituted in the District Court against James C. Davis, as agent of the President (as nominal defendant), under § 206a, Transportation Act, 1920, are not such suits or process as are contemplated by § 154, Jud. Code.

They are not pending against any person who, when the cause of action arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States.

The causes of action arose during federal control of railroads. Davis was appointed Director General and Agent of the President, under § 206a, by Executive Order of March 26, 1921.

The action in the Court of Claims is based upon a contract, express or implied, under averments which, appellant conceives, confer jurisdiction upon the Court of Claims. By demurrer and argument in that action, counsel for the United States took the position that the cause should properly be brought in the District Court, against Davis, as agent of the President, under § 206a. The Court of Claims held that the cause of action before it was proper to be brought only in the District Court against the United States, under § 10 of the Lever Act. The statute of limitations fixed by § 206a is two years from the date of approval of the Transportation Act,— February 28, 1920. In view of this diversity of opinion as to the proper forum, and in order to avoid the bar of the statute should the position of the United States be sustained, it was necessary that appellant should file the actions in the District Court.

Section 154, Jud. Code, is intended to prevent contemporaneous actions against the United States and against a person (other than the United States), for the same cause of action, under such circumstances that a judgment against the person might be made the basis of a claim by him for reimbursement, against the United States. The statute does not contemplate cases where both suits are in substance and effect against the United States, as here.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the briefs, for the United States.

Mr. Justice SUTHERLAND delivered the opinion of the Court.

Appellant sued in the Court of Claims for a balance alleged to be due for coal delivered to the United States. Some time prior to the delivery appellant had entered into contracts with certain railroad companies to supply them with coal for specified periods of time and at stated prices. Upon the passing of the railroads into the control of the Government, by virtue of the President's proclamation of December 26, 1917, 40 Stat. 1733, the Railroad Administration claimed the right to enforce these contracts. The right was denied; whereupon the Fuel Administration requisitioned the coal " without prejudice to your [appellant's] right to assert a claim against the Railroad Administration or these various railroad companies," for any amount claimed to be legally payable. The Railroad Administration paid the prices fixed by the contracts, asserting that these were the measure of its liability. The general price for coal theretofore fixed by the Fuel Administration was more than the contract price, and this action was for the difference. The court below sustained a demurrer to the petition and dismissed it. After the rendition of judgment and before the appeal to this Court, appellant brought actions in the Federal District Court for the Eastern District of Louisiana against James C. Davis, as Agent for the President under the Transportation Act of 1920, c. 91, 41 Stat. 456, the causes of action therein set forth being the same as that set forth in the present case. These alleged causes of action arose out of the possession, use and operation by the President of the railroads in question and come within the provisions of § 206 (a) of the act, c. 91, 41 Stat. 461.

The Government has submitted a motion to dismiss the appeal, relying upon the provisions of § 154 of the Judicial Code, which reads:

" No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom,

any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States."

At the time the alleged causes of action arose the President was acting under the authority of the United States, and the actions being against an agent appointed by and acting for him, fall within the terms of the statute just quoted. It is urged, however, that the actions were brought, *ex necessitate rei,* because they were about to become barred by expiration of the statutory period of limitation and that, for this and other reasons, the case is not within the spirit of § 154 properly construed. But the words of the statute are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases. See *Amy* v. *Watertown,* 130 U. S. 320; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S. 281, 295; *United States* v. *First National Bank,* 234 U. S. 245, 259–260.

*Appeal dismissed.*