Whaley, Judge,
delivered the opinion:
This suit is brought in this court for the recovery of increased wages and bonuses paid to the masters, officers, and crews of seven vessels under requisition time charters entered into between the plaintiff and the United States Shipping Board, acting as agent for the President of the United States.
The petition alleges the seven vessels were requisitioned under the authority of the act of June 15,1911 (40 Stat. 182, C. 29), which authorized and empowered the President of the United States to requisition any vessel constructed, or in the course of construction, and to make just compensation therefor. The act further provided that the powers granted the President might be exercised through such agency or agencies as the President should determine. Pursuant to the authority conferred upon him by this statute the President promulgated on July 11, 1917, an Executive Order directing the United States Shipping Board to exercise the powers thereby granted him.
On October 13, 1917, the President, acting through the United States Shipping Board, issued an order requisitioning on October 17, 1917, all of certain classes of American cargo ships. By the requisition order the owners were directed to continue to operate the ships in their regular trades for the account of the Government. In December following the plaintiff and the United States Shipping Board, acting as the agent of the President, agreed upon the just rate of hire to be paid and entered into seven separate requisition charters, covering the seven separate vessels. These requisition charters fixed the hire rate under a “ time form.”
These seven requisitioned vessels were returned to the plaintiff during the year 1919. Settlement has been made by *212 the United States Shipping Board, acting as the agent of the Government, for all accounts except the alleged claim for increase in wages and bonuses. The settlement agreement entered into on October 18, 1926, contained a reservation of the right to sue for the increase in wages and bonuses paid to the masters, officers, and crews of the vessels.
The plaintiff filed its petition in this court on April 6, 1927, for the recovery of $49,373.11. On April 7, 1927, the plaintiff filed in the District Court of the United States for the Northern District of California (Southern Division) seven separate suits based on the seven separate requisition charters mentioned and pleaded in the petition filed in this court, the sums sued for in each suit being the amounts paid as wages and bonuses to the master, officers, and crew of each of the seven requisitioned vessels. The combined amounts do not aggregate the same amount as sued for in this court. In three of the cases the amounts have been reduced to ten thousand dollars in order to come within the jurisdiction of the district court. These seven suits are now pending in the district court.
The defendant, among other defenses, contends the Court of Claims has no jurisdiction to hear the case under section 260 U. S. Code annotated, title 28, being Judicial Code, sec. 154, which provides as follows:
“ No person shall file or prosecute in the Court of Claims, or in the Supreme Court on appeal therefrom, any claim for or in respect to which he or any assignee of his has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States.”
This statute was adopted by Congress in the year 1868 and the purpose of the act was to prevent a suit in the Court of Claims when a suit is filed in a district or circuit court on the same cause of action. At that time no suit could be brought against the United States in any Federal district or circuit court, but suits could be commenced in those courts against a person “ acting or professing to act, me-diately or immediately, under the authority of the United *213 States,” such as the Secretary of the Treasury, a collector of customs, or one claiming to act as agent for the United States. The Court of Claims alone had jurisdiction where the United States was defendant. In 1887 Congress gave concurrent jurisdiction with the Court of Claims to the district court in claims against the United States up to a thousand dollars and to the circuit court when the amount did not exceed ten thousand dollars, 24 Stat. 505. Subsequently, the district court was given concurrent jurisdiction up to ten thousand dollars, 36 Stat. 1093.
The whole object and intent of the act of 1868 were to prevent the Government from being sued in separate jurisdictions on the same cause of action and to make the plaintiff elect in which court to sue. The act not only prohibits the filing but also the prosecution of any claim in the Court of Claims when another suit on the same cause of action is pending in another court. The seven suits in the District Court of California were filed one day after the suit was filed in this court, but the plaintiff is now attempting to prosecute the suit in this court while the suits in the district court are pending. This is prohibited under the statute. Corona Coal Company v. United States, 263 U. S. 537.
If the Court of Claims is deprived of jurisdiction when a suit is filed on the same cause of action in another court against any person who, at the time the cause of action arose, was acting or claiming to act under the authority of the United States, a fortiori, would it be true where the suit was brought against the United States on the same cause of action in another court and also in the Court of Claims. The Government must defend the suits in two jurisdictions, and the whole aim of the statute was to prevent two trials of the same cause of action in separate jurisdictions. Having failed in one court, a plaintiff could not have a second trial in another court.
The plaintiff contends the statute does not apply because the cases in the district court are not against any person acting for the United States, but against the United States, and any judgment of this court could be pleaded in defense, res adjudieata, in the other cases. That would be true if *214 this court rendered a judgment in plaintiff’s favor, but it would not be true if the decision were adverse to the plaintiff, for no judgment can be rendered by this court because it is deprived of jurisdiction to hear the case by the statute. There is no inhibition to the district court hearing the cases while a suit is pending in this court, and a judgment in that court could be pleaded in bar to the suit in this court. Where the court has no jurisdiction, the judgment rendered by it on the facts is a nullity and the doctrine of res ad-judicaba has no application. The complaint must be dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.