SHAPIRO v. UNITED STATES.

No. 9308.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 13, 1947.

Decided May 26, 1948.

David V. Shapiro, of Philadelphia, Pa. (Shapiro, Conner, Rosenfeld & Stalberg, of Philadelphia Pa., on the brief), for appellant.

James P. McCormick, of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before ALBERT LEE STEPHENS, GOODRICH and O'CONNELL, Circuit Judges.

ALBERT LEE STEPHENS, Circuit Judge.

According to the allegations of the complaint, the plaintiff delivered two $500 Federal Reserve notes (giving serial numbers) to William Baughman, who receipted for them by signing his name and thereafter appending "Agent, United States Secret Service 1005 Custom House," and who promised to return them. Baughman, however, so it is alleged delivered them to the United States Government Post Office Inspector at Philadelphia, and after demand has failed and refused to return them.

.This is not the only suit in which the plaintiff herein has sought the return of the same notes, for some time prior to instituting this suit, he sued out a bill in equity in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Baughman therefor. In this bill, the receipt signed by Baughman was set out in haec verba, and upon motion the cause was removed to the same United States District Court, in which the instant case is pending.

█ The United States successfully moved the dismissal of the instant action upon the ground that it was improperly accepted for filing, and that it cannot be prosecuted because the claim therein and the relief sought are the same in both suits, and according to the provisions of § 154 of the Judicial Code, 28 U.S.C.A. § 260, "No person shall file or prosecute in the Court of Claims * * * any claim for or in respect to which he * * * has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, mediately or immediately, under the authority of the United States."

The instant case is dependent upon the Tucker Act, 28 U.S.C.A. § 41(20), for jurisdiction, which confers jurisdiction concurrent with the Court of Claims upon claims for less than $10,000 against the United States.

We think it perfectly clear that the suit in the Pennsylvania court is one against a person who, under the statute, and by the allegations of the bill, was acting "mediately or immediately" under the authority of the United States. This being so, and its pendency being in the knowledge of the District Court, the District Court could only follow the statute and dismiss the action.

█ The plaintiff claims that he has the right to elect as to which action he will chose to stand, but he cannot be right, because the prohibiting statute forbids the filing of the second action.

The judgment of dismissal is affirmed.

GOODRICH, Circuit Judge. Concurring.

I concur completely with what is said in the majority opinion, but only wish to add a fact or two more which seem to me to enforce the conclusion expressed therein.

The complaint identifies Baughman as an agent of a department of the United States and in Exhibit "A" attached to that complaint Baughman shows in what capacity he accepted the Federal Reserve Notes. Any doubts thereon are dispelled when reference is made to the allegations in and the exhibits attached to the present complaint. These clearly state that Baughman acted or at least "profess[ed] to act * * * under the authority of the United States." This being so, and its pendency being in the knowledge of the District Court, that Court could only follow the statute and dismiss the action.

Any right to elect as to which course, a suit against the agent or the United States, one will choose to pursue exists only until the filing of the first suit. Once it is filed the prohibiting statute comes into play, thereby forbidding the filing of the second action[1] at least so long as the former suit has not been withdrawn without prejudice.

---

[1] Corona Coal Co. v. United States, 1924, 263 U.S. 537, 44 S.Ct. 156, 67 L. Ed. 431; see British American Tobacco Co. v. United States, 1939, 89 Ct.Cls. 438, 441, cert. denied 1940, 310 U.S. 627, 60 S.Ct. 974, 84 L.Ed. 1398.