Larry O. HULSEY, an Individual, and Larry O. Hulsey & Co., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 92–613C.

United States Court of Federal Claims.

April 5, 1993.

Karen L. Howick, Oklahoma City, OK, for plaintiffs.

R. Allen Miller, Washington, D.C., with whom was Asst. Atty. Gen., Stuart M. Gerson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500.

## I. FACTS

Plaintiffs, Larry O. Hulsey (Mr. Hulsey) and Larry O. Hulsey & Company (the Company), were involved in oil and gas exploration, production and related activities. In October of 1982, the Company entered into a financing agreement with Continental Illinois National Bank and Trust Company of Chicago, Illinois (Continental): a credit agreement and promissory note. As collateral for both, the Company mortgaged certain of its oil and gas interests and Mr. Hulsey personally guaranteed the promissory note. The line of credit was subsequently increased with concomitant changes to the credit agreement and promissory note. In 1984, Continental was declared insolvent and began receiving assistance from the Federal Deposit Insurance Corporation (FDIC). In June of 1987, Continental assigned and the FDIC purchased all rights and interests in Continental's credit agreement and promissory note.

In September of 1990, the FDIC filed a complaint against plaintiffs in the United States District Court for the Western District of Oklahoma seeking recovery of the funds borrowed by the Company from Continental pursuant to the credit agreement.

Plaintiffs asserted various defenses and counterclaims alleging that Continental and the FDIC breached duties of good faith and fair dealing in the administration of the credit agreement and in their dealings with the Company and Mr. Hulsey prior to and subsequent to the assignment. On April 23, 1991, the district court dismissed all of plaintiffs' counterclaims with the exception of plaintiffs' breach of contract claims. The district court dismissed plaintiffs' breach of contract claims without prejudice for lack of subject matter jurisdiction on May 11, 1992, indicating that exclusive jurisdiction of the contract claims was in the United States Claims Court[1] pursuant to 28 U.S.C. §§ 1346(a), 1491.

Plaintiffs filed this complaint on September 3, 1992. Based upon the same factual allegations alleged in their district court counterclaims, plaintiffs alleged that (1) the FDIC had violated covenants of good faith and fair dealing, allegedly a part of the written loan agreements with them; and (2) they were damaged through reliance upon representations made by the FDIC. On October 5, 1992, plaintiffs filed a notice of appeal with the district court in which they appealed every adverse ruling issued by the district court. Defendant then filed this motion arguing that plaintiffs' notice of appeal in the district court divested this court of jurisdiction according to section 1500 of title 28 of the United States Code.

## II. STANDARD OF REVIEW

The United States Court of Appeals for the Federal Circuit addressed the jurisdictional bar of 28 U.S.C. § 1500 in *UNR Industries, Inc. v. United States*, 962 F.2d 1013 (Fed.Cir.) (en banc), *cert. granted, sub nom. Keene Corp. v. United States*, —— U.S. ——, 113 S.Ct. 373, 121 L.Ed.2d 285 (1992). Section 1500 provides:

The United States [Court of Federal Claims] shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against

the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (1988). The statutory history of section 1500 is set out in *UNR*. See *UNR*, 962 F.2d at 1017–19.

The court in *UNR* noted that section 1500's jurisdictional bar had become riddled "with judicially created exceptions and rationalizations to the point that it no longer serve[d] its purposes: to force an election of forum and to prevent simultaneous dual litigation against the government." *Id.* at 1021. As a result, the court overruled all judicially created exceptions to section 1500 and held that:

1) if the same claim is pending in another court at the time the complaint is filed in the [Court of Federal Claims], the [Court of Federal Claims] has no jurisdiction, regardless of when an objection is raised or acted on; 2) if the same claim is filed in another court after the complaint is filed in the [Court of Federal Claims], the [Court of Federal Claims] is by that action divested of jurisdiction, regardless of when the court memorializes the fact by order of dismissal; and 3) if the same claim has been finally disposed of by another court before the complaint is filed in the [Court of Federal Claims], ordinary rules of res judicata and available defenses apply.

*Id.* Defendant argued that the court must dismiss plaintiffs' claim because its appeal before the tenth circuit and its claim in this court are the same claim.

## III. DISCUSSION

■■■ The only issue before the court today is whether plaintiffs' appeal to the tenth circuit and its action in this court consist of the "same claim." Actions consist of the "same claim" when they allege the same operative facts; the legal theories raised are irrelevant. *UNR*, 962 F.2d at

---

**1.** The Federal Courts Administration Act of 1992, Pub.L. No. 102–572, 106 Stat. 4506 (1992), enacted on October 29, 1992, changed the name

of the United States Claims Court to the United States Court of Federal Claims.

1023–24; *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1562–63, 1567 (Fed. Cir.1988), *cert. denied*, 489 U.S. 1066, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). While plaintiffs admitted that the claims asserted in the district court were essentially the same claims asserted in this court, plaintiffs contended that the same claims on their merits were not pending in tenth circuit. Plaintiffs' characterization of their appeal to the tenth circuit is not credible. Plaintiffs appealed *all* adverse rulings of the district court not just the jurisdictional issue. The two actions arose out of the same occurrence, i.e., the assignment of the financing agreement from Continental to the FDIC. The present posture of plaintiffs' case does not change the fact that the operative facts in the actions before the Court of Appeals for the Tenth Circuit and the Court of Federal Claims are the same. *See UNR*, 962 F.2d at 1024.

 Plaintiffs also contended that because they were initially required to bring their contract claims in the district court because of the compulsory counterclaim rule, FED.R.CIV.P. 13(a), and merely asserted their claims in the Court of Federal Claims as directed by the Western District of Oklahoma, the court should consider the hardship imposed upon them by this "jurisdictional ping-pong game." While the court is not unsympathetic to the difficulties associated with plaintiffs' position, this court may not extend its jurisdiction regardless of any perceived inequity. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *Corona Coal Co. v. United States*, 263 U.S. 537, 540, 44 S.Ct. 156, 156, 68 L.Ed. 431 (1924); *UNR*, 962 F.2d at 1020, 1023; *Johns–Manville*, 855 F.2d at 1565. Because plaintiffs' claims before this court and the Court of Appeals for the Tenth Circuit were based upon the same operative facts, this court lost jurisdiction over the claims pending before it, as a matter of law, when plaintiffs filed their notice of appeal in the district court. *UNR*, 962 F.2d at 1021. Upon dismissal by the district court, plaintiffs could have either filed their contract claims in this court or their notice of appeal with the district court—not both. As a result, this court does not have jurisdiction over plaintiffs' claims.

## IV. CONCLUSION

For the reasons stated above, the court grants defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500. The Clerk of the Court is directed to dismiss plaintiff's complaint, without prejudice. No costs.

**IT IS SO ORDERED.**