**Thomas B. WILSON & Yachts America, Inc., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 94–661C.

United States Court of Federal Claims.

Feb. 23, 1995.

Stephen Leventhal, Bethesda, MD, for plaintiffs.

Edmund W. Chapman, Washington, DC, with whom was Asst. Atty. Gen. Frank W. Hunger, for defendant. Lisa Del Compare, U.S. Dept. of the Interior, of counsel.

### *ORDER*

MILLER, Judge.

■ This matter is before the court on defendant's motion to dismiss for lack of jurisdiction pursuant to RCFC 12(b)(1) and (4). The issue is whether 28 U.S.C. § 1500 (1988 & Supp. V. 1993), precludes this court from exercising jurisdiction over a claim for monetary relief in the amount of $710,768.75, when plaintiffs, on the same date on which they filed a complaint in this court, filed a notice of appeal seeking review of a federal district court order dismissing the identical monetary claim for lack of subject matter jurisdiction. Argument is deemed unnecessary.

### FACTS

The following facts are undisputed, unless otherwise noted. Thomas B. Wilson and Yachts America, Inc. ("plaintiffs"), occupied real property pursuant to a lease agreement when, on October 15, 1974, the United States Park Service acquired the property via legislative taking.[1] Plaintiffs relinquished the

---

1. Prior to the taking, Fort Washington Marina, Inc., held title to the property and leased approximately 8 acres to plaintiffs. On October 15, 1974, the United States acquired the property pursuant to Pub.L. No. 93–444, 88 Stat. 1304 (1974). The United States paid Fort Washington Marina, Inc., $750,000.00 in compensation for the land and improvements. *See Yachts Amer-*

property on January 4, 1984, and subsequently initiated administrative proceedings to recover relocation expenses under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. §§ 4601–4655 (1980).

Plaintiffs exhausted their administrative remedies on May 3, 1991, when the Department of Interior issued a final decision denying plaintiffs' request for relocation expenses. Thereafter, they filed a two-count complaint in the United States District Court for the District of Columbia, seeking in Count I relocation expenses in the amount of $710,768.75 and in Count II judicial review of the agency decision. The Government moved for summary judgment, arguing that the United States Court of Federal Claims had exclusive jurisdiction over Count I of the complaint. In response plaintiffs filed a "Motion To Determine Jurisdictional Issues and Transfer to the Court of [Federal] Claims."[2] The court did not rule on the motion; however, on September 16, 1994, the court issued an order dismissing Count I of the complaint for lack of subject matter jurisdiction and affirming the agency's decision with respect to Count II.

On October 12, 1994, plaintiffs filed a notice of appeal in the United States District Court for the District of Columbia, which stipulated that plaintiffs were "appeal[ing] to the United States Court of Appeals for the District of Columbia from the judgment and the order of this Court dated September 16, 1994, and from the failure of the Court to rule on the plaintiffs' 'Motion to Determine Jurisdictional Issues and Transfer to the Court of [Federal] Claims.'" On that same date, plaintiffs filed a one-count complaint in the Court of Federal Claims seeking the identical relief as that requested in Count I of their district court complaint. Specifically, plaintiffs sought relocation expenses in the amount of $710,768.75 under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970. Defendant moved to dismiss for lack of jurisdiction,

arguing that the jurisdictional bar of 28 U.S.C. § 1500 applies.

## DISCUSSION

28 U.S.C. § 1500 provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

■ The date for determining jurisdiction is the date on which plaintiffs filed their complaint in the Court of Federal Claims. *See Keene Corp. v. United States,* —— U.S. ——, ——, 113 S.Ct. 2035, 2041, 124 L.Ed.2d 118 (1993) (holding that section 1500 "bar[s] jurisdiction over the claim of a plaintiff who, upon filing [in the Claims Court—now the Court of Federal Claims], has an action pending in any other court 'for or in respect to' the same claim") (footnote omitted). On October 12, 1994, plaintiffs filed both a complaint in the Court of Federal Claims and a notice of appeal in district court.

The notice of appeal indicated that plaintiffs appealed "from the judgment and the order of th[e District] Court dated September 16, 1994," whereby the court dismissed Count I of plaintiffs' complaint, which sought money damages in the amount of $710,768.75 for relocation expenses, holding that jurisdiction with respect to that count "appear[ed] to reside exclusively in the United States Court of Federal Claims." The order also affirmed the agency's decision with respect to Count II.

Because plaintiffs had an appeal pending against the United States when they filed suit in the Court of Federal Claims, the issue devolves to whether the claim brought in this court constitutes the same claim as that on appeal before the United States Court of

---

*ica, Inc. v. United States,* 230 Ct.Cl. 26, 29, 673 F.2d 356, 359, *cert. denied,* 459 U.S. 839, 103 S.Ct. 86, 74 L.Ed.2d 81 (1982).

**2.** Plaintiffs also opposed defendant's motion for summary judgment and cross-moved for partial summary judgment.

Appeals for the District of Columbia. This issue turns on whether the same operative facts underlie both claims. *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1551 (Fed.Cir.1994) (holding that section 1500 precludes the Court of Federal Claims from entertaining a claim whenever the claim pending in another court arises from the *"same operative facts,"* and seeks the *"same relief"*) (emphasis in original); *see also Keene,* —— U.S. at ——–——, 113 S.Ct. at 2042–43 (holding that dismissal under section 1500 hinges "on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of Claims action ... [and whether] there was some overlap in the relief requested") (footnote omitted).

Plaintiffs maintain that the claims are not identical for purposes of section 1500. Relying on the November 14, 1994 document entitled "Statement of Issues To Be Raised," which was filed in the appeals court, plaintiffs define the issue on appeal as "whether the[e] case should have been transferred to the U.S. Court of Federal Claims, either on plaintiffs' original motion therefore, or on plaintiffs' Cross Motion for Partial Summary Judgment." Plaintiffs view this jurisdictional issue as distinct from the request for relocation expenses in the amount of $710,768.75 in Count I of the complaint pending in the Court of Federal Claims. Defendant disagrees, citing the notice of appeal as "evidence[ ] that the breadth of ... appeal covered far more than a 'jurisdictional' issue." Def's Br. filed Jan. 6, 1995, at 3.

The court agrees with defendant that the notice of appeal controls, as opposed to plaintiffs' November 1994 document. *Cf. Keene,* —— U.S. at ——, 113 S.Ct. at 2040 (ruling that court must examine the facts existing when plaintiff "filed each of its complaints"). The notice of appeal reflects that plaintiffs appealed each adverse decision of the district court, including Count I of the district court complaint, which this court holds is the same claim as that presented in Count I of the complaint filed in this court.

Both counts seek the identical amount of monetary relief, *i.e.,* $710,768.75, and involve the same facts, in that both counts address the recovery of relocation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 incurred as a result of the Government's legislative taking of the property which plaintiffs had leased. *See Corona Coal Co. v. United States,* 263 U.S. 537, 539–40, 44 S.Ct. 156, 156, 68 L.Ed. 431 (1924) (ruling that section 154 of the Judicial Code, the predecessor of section 1500, precluded Court from exercising jurisdiction over appeal of Court of Claims' dismissal order because action pending in district court was same cause of action as that presented on appeal); *Hulsey v. United States,* 28 Fed.Cl. 75, 76–77 (1993) (holding that section 1500 precluded jurisdiction where appeal to Tenth Circuit of court's order dismissing claim for lack of subject matter jurisdiction and action in Claims Court constituted the same claim in that same operative facts were implicated). Thus, the court lacks jurisdiction to entertain plaintiffs' monetary claim, given that the same claim is the subject of a pending appeal. *Loveladies,* 27 F.3d at 1551.

Although this holding may cause a hardship to plaintiffs, the Supreme Court in the same context has stated: "[T]he words of the statute are plain, with nothing in the context to make their meaning doubtful; no room is left for construction, and we are not at liberty to add an exception in order to remove apparent hardship in particular cases." *Corona Coal,* 263 U.S. at 540, 44 S.Ct. at 156 (citations omitted). The holding in this case also serves the purpose of section 1500, which indisputably is "to force an election of forum and to prevent simultaneous dual litigation against the government." *UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1021 (Fed.Cir.1992), *aff'd sub nom. Keene,* —— U.S. ——, 113 S.Ct. 2035.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss for lack of jurisdiction is granted. The Clerk of the Court shall enter judgment dismissing the complaint without prejudice.

**IT IS SO ORDERED.**

No costs.