**NEZ PERCE TRIBE, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 06–910L.**

United States Court of Federal Claims.

Sept. 27, 2011.

Melody L. McCoy, Native American Rights Fund, Boulder, Colorado, for plaintiff.

Michael D. Thorp, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs was Ignacia S. Moreno, Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C. Of counsel were Anthony P. Hoang and Anna K. Stimmel, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., Kys-

hia Patton and James W. Ferguson, Office of the Solicitor, United States Department of the Interior, Washington, D.C., and Thomas Kearns, Office of the Chief Counsel, Financial Management Service, United States Department of the Treasury, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Nez Perce Tribe ("Nez Perce," the "Tribe," or "plaintiff") alleges that the United States ("the government") has breached its duties as trustee of certain assets of the Tribe, resulting in financial losses. *See Nez Perce Tribe v. United States,* 83 Fed.Cl. 186, 187 (2008). Almost immediately after commencing this action, the Tribe filed an action in the United States District Court for the District of Columbia (the "district court"), *Nez Perce Tribe v. Kempthorne,* No. 1:06–cv–02239–Jr (D.D.C. filed December 28, 2006), alleging the same operative facts but seeking different relief. Because the filing progression was initially in doubt, the court issued an Order to Show Cause directing the Tribe to demonstrate why its case should not be dismissed under 28 U.S.C. § 1500, which denies jurisdiction to this court over "any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States." Based upon the evidence adduced at an evidentiary hearing, the court established that the case brought in this court was filed before the action was commenced in district court and ruled that Section 1500 consequently was no bar because "Nez Perce's complaint in the district court was not 'pending' when the Tribe filed its complaint in this court." *Nez Perce,* 83 Fed.Cl. at 195. Now, however, the government requests that the court reexamine its subject matter jurisdiction under Section 1500 and dismiss in light of a recently issued Supreme Court decision interpreting and applying that statute, *United States v. Tohono O'odham Nation,* — U.S. ——, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011).

## BACKGROUND

The parties do not dispute that this case and the action filed in district court rest on the same operative facts. Neither do they contest that the instant suit was filed before that action was commenced in district court, albeit only by a few hours. The setting for application *vel non* of Section 1500 is thus complete for purposes of the government's motion to revisit the jurisdictional issue. In essence, the government contends that a later-filed action in another court divests this court of jurisdiction over an earlier-filed action, so long as both suits are based on the same operative facts.[1]

## STANDARD FOR DECISION

The government moves to dismiss pursuant to Rules 12(c) and 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). RCFC 12(c) permits a party to move for judgment on the pleadings, and RCFC 12(h)(3) instructs the court to dismiss an action any time subject matter jurisdiction is lacking.

The Tucker Act grants this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Correlatively, the Indian Tucker Act provides this court with jurisdiction over "any claim against the United States . . . in favor of any tribe, band, or other identifiable group of American Indians . . . whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims." 28 U.S.C. § 1505. This court's jurisdiction under either statute, however, is constrained by 28 U.S.C. § 1500, which provides:

---

1. On the merits, this case has proceeded at a glacial pace. On October 30, 2009, the court granted the parties' joint motion to pursue settlement through alternative dispute resolution and stayed proceedings to allow that process to go

forward. *See* Order Granting Referral to ADR. The parties continued in that course without definitive result until July 1, 2011, when the government sought dismissal in light of *Tohono O'odham.*

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Hence, a party seeking to invoke a federal court's subject matter jurisdiction bears the burden of establishing that jurisdiction, and it must do so by a preponderance of the evidence. *See Barrett v. Nicholson*, 466 F.3d 1038, 1041 (Fed.Cir.2006) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

## ANALYSIS

### A. The Court's Prior Decision in This Case

■ Section 1500 "is more straightforward than its complex wording suggests. The C[ourt of ]F[ederal ]C[laims] has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States." *Tohono O'odham*, 131 S.Ct. at 1727. For Section 1500 to apply, two circumstances must be present. First, there must be a suit or process "pending" in another court. Second, that suit or process must be "for or in respect to" a claim filed in this court.

In its earlier decision in this case, *Nez Perce*, 83 Fed.Cl. 186, the court examined the first circumstance. The court observed that the words "has pending" in Section 1500 "constitute a present participle which 'convey[s] the same meaning' as the present perfect tense and 'indicates action that was started in the past and has recently been completed or is continuing up to the present time.'" *Id.* at 189 (quoting William A. Sabin, *The Gregg Reference Manual*, §§ 1033–34, at 272–73 (10th ed. 2005)). Consequently, the court observed, "the natural plain meaning of the words used in Section 1500 calls for a determination of the order in which two or more suits were filed. If a suit were filed first in this court, Section 1500 would not apply." *Id.*

That plain meaning of Section 1500 is reflected in binding precedent. *Tecon Engineers, Inc. v. United States*, 343 F.2d 943 (Ct.Cl.1965), held that Section 1500 only divests this court of jurisdiction when another suit on the same claim is *already* pending in another court. *See Nez Perce*, 83 Fed.Cl. at 190 (citing *Tecon*, 343 F.2d 943). *Tecon*'s approach was later endorsed by the Supreme Court in *Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), which both affirmed *Tecon*'s precedential vitality[2] and applied "the longstanding principle that 'the jurisdiction of the [c]ourt depends upon the state of things *at the time of the action brought.*'" *Nez Perce*, 83 Fed.Cl. at 190 (quoting *Keene*, 508 U.S. at 207, 113 S.Ct. 2035) (second alteration in original). Following *Keene*, the Federal Circuit noted that "'*Tecon Engineers* remains good law and binding on this court.'" *Nez Perce*, 83 Fed.Cl. at 190 (quoting *Hardwick Bros. Co. II v. United States*, 72 F.3d 883, 886 (Fed.Cir.1995)); *see also id.* ("The question of whether another claim is 'pending' for purposes of [Section] 1500 is determined at the *time* at which the suit in the Court of Federal Claims is filed.") (quoting *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed.

2. In *UNR Industries, Inc. v. United States*, 962 F.2d 1013 (Fed.Cir.1992) (*en banc*), *aff'd sub nom. Keene*, 508 U.S. 200, 113 S.Ct. 2035, the Federal Circuit endeavored to overrule several "exceptions" to Section 1500, including *Tecon*. *See id.* at 1021–23. The Supreme Court, however-

er, found it "unnecessary to consider, much less repudiate, the 'judicially created exceptions' to [Section] 1500 found in *Tecon Engineers*." *Nez Perce*, 83 Fed.Cl. at 190 (quoting *Keene*, 508 U.S. at 216, 113 S.Ct. 2035).

Cir.2004) (emphasis added) (quotation marks omitted)).

Relying both upon plain meaning and precedent, the court accordingly held that Section 1500 "does not divest this court of jurisdiction over [a factually comparable] first-filed complaint" because the later-filed complaint is not "pending" under Section 1500 at the time of filing in this court. *Nez Perce,* 83 Fed.Cl. at 195. In this instance, as a factual matter the district court action was not pending "at the time the action was brought" in this court; hence, this court retained jurisdiction over the action. *Id.*

### B. *Tohono O'odham*

The contours of the second aspect of Section 1500's bar, that the pending suit or process be "for or in respect to" a claim filed in this court, were reshaped by *Tohono O'odham.* Previously, it was understood that Section 1500 "turn[ed] on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested." *Keene,* 508 U.S. at 212, 113 S.Ct. 2035. Or, as interpreted by the Federal Circuit, "[f]or the Court of Federal Claims to be precluded from hearing a claim under [Section] 1500, the claim pending in another court must arise from *the same operative facts,* and must seek *the same relief.*" *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1551 (Fed.Cir. 1994). *Tohono O'odham,* however, changed this standard, and the government contends that it also recast the "has pending" inquiry as well.

*Tohono O'odham* was one of a large number of Indian trust claims filed in this court and district courts at the end of 2006. On December 28, 2006, the Tohono O'odham Nation filed a complaint in federal district court alleging that the United States had breached various duties owed as trustee to the Nation. *Tohono O'odham Nation v. United States,* 79 Fed.Cl. 645, 646–47 (2007), *rev'd,* 559 F.3d 1284 (Fed.Cir.2009), *rev'd,* —— U.S. ——, 131 S.Ct. 1723, 179 L.Ed.2d 723. The next day, on December 29, 2006, the Nation filed a similar complaint in this court. *Id.* at 647. The trial court dismissed the suit pursuant to Section 1500, holding that "[t]here is plainly substantial overlap in the operative facts as well as in the relief." *Id.* at 659. The Federal Circuit reversed, finding that the operative facts were indeed the same but that the Nation sought differing relief in each action. *See Tohono O'odham,* 559 F.3d at 1290–91. As a result, the court of appeals ruled that the claims in this court were not claims "for or in respect to which" the plaintiff had a suit pending elsewhere, so Section 1500 did not apply. *Id.* at 1293.

The Supreme Court granted certiorari to determine "what it means for two suits to be 'for or in respect to' the same claim." *Tohono O'odham,* 131 S.Ct. at 1727. Specifically, the Court observed that *Keene* "held that two suits are for or in respect to the same claim when they are 'based on substantially the same operative facts . . . , at least if there [is] some overlap in the relief requested,'" *id.* (quoting *Keene,* 508 U.S. at 212, 113 S.Ct. 2035) (alterations in original); however, *Keene* "did not decide whether the jurisdictional bar also operates if the suits are based on the same operative facts but do not seek overlapping relief." *Id.* at 1727–28. The Court resolved the question in the affirmative, holding that "common facts are sufficient to bar a C[ourt of ]F[ederal ]C[laims] action where a similar case is pending elsewhere." *Id.* at 1731.

In its analysis, the Supreme Court first noted that the text of Section 1500 uses the words "claim" and "cause of action" synonymously. 131 S.Ct. at 1728 (quoting *Keene,* 508 U.S. at 210, 113 S.Ct. 2035). Because a "cause of action" refers "simply to facts without regard to judicial remedies," the claims barred in Section 1500 must extend to any arising from the same operative facts. *Id.* at 1729. Next, the Court reasoned that such a construction comports with the unique remedial scheme of this court, in which damages are preeminent and overlapping relief is the exception. *See id.* at 1729–30. Finally, the Court stated that interpreting factual overlap as precluding jurisdiction is "consistent with the doctrine of claim preclusion, or res judicata, which bars 'repetitious suits involving the same cause of action.'" *Id.* at 1730 (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)).

■ The Nez Perce Tribe contends that *Tohono O'odham* has no bearing on this case: *"Tohono O'odham* made clear that for Section 1500 purposes, only the operative facts need be the same; the relief sought does not matter. That is all that *Tohono O'odham* held." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 5 (citation omitted). Contrastingly, the government interprets *Tohono O'odham* to extend much further, basing its contention on a particular segment of the opinion discussing the purpose of Section 1500, *viz.:*

> The panel of the Court of Appeals could not identify "any purpose that [Section] 1500 serves today," . . . in large part because it was bound by Circuit precedent that left the statute without meaningful force. For example, the panel cited *Tecon Engineers*, . . . which held that [Section] 1500 does not prohibit two identical suits from proceeding so long as the action in the C[ourt of ]F[ederal ]C[laims] . . . is filed first. The *Tecon* holding is not presented in this case because the C[ourt of ]F[ederal ]C[laims] action here was filed after the District Court suit.

> Still, the Court of Appeals was wrong to allow its precedent to suppress the statute's aims. Courts should not render statutes nugatory through construction. In fact the statute's purpose is clear[:] . . . the need to save the [g]overnment from burdens of redundant litigation. . . . The conclusion that two suits are for or in respect to the same claim when they are based on substantially the same operative facts allows the statute to achieve its aim.

*Tohono O'odham,* 131 S.Ct. at 1729–30 (citations omitted). Averring that the "precedent" mentioned in the second paragraph is *Tecon,* the government postulates that "the order-of-filing rule attributed to *Tecon* does not survive." Def.'s Mot. at 11.

The cited portion of the Court's opinion, however, reveals that *Tohono O'odham* ex-plicitly does *not* overrule *Tecon.* In the passage, the Court observes that the court of appeals acknowledged *Tecon* as one of its prior precedents. 131 S.Ct. at 1729. But the Court then states that *"[t]he Tecon holding is not presented in this case because the C[ourt of ]F[ederal ]C[laims] action here was filed after the District Court suit." Id.* at 1729–30 (emphasis added); *see also id.* at 1735 n. 5 (Sotomayor, J., concurring in the judgment) ("As the majority notes, the validity of the Court of Claims' holding in *Tecon* is not presented in this case. This Court has never considered that holding. Accordingly, I do not consider whether the Nation could have avoided application of [Section] 1500 altogether by filing its C[ourt of ]F[ederal ]C[laims] action first.") (citations omitted); *cf. Keene,* 508 U.S. at 209 n. 4, 113 S.Ct. 2035. The words could scarcely be more plain.

Despite these statements of limitation on the Supreme Court's holding, the government nevertheless insists that the overall "rationale" of *Tohono O'odham* has "sufficiently undermined *Tecon*" that "the decision can no longer be considered binding authority." Def.'s Mot. at 11. This insistence extends well beyond the Supreme Court's holding. *Tohono O'odham* indeed affirms that the purpose of Section 1500 is to prevent redundant litigation, but that acknowledgement alone is far from a rationale that extends to undermine *Tecon.* Notably, the Supreme Court's criticism is directed at Federal Circuit precedent that allowed duplicative suits to go forward in precisely those situations *not* presented by *Tecon, i.e.,* those cases permitting second-filed claims in this court to go forward when the claims arise from the same operative facts but seek different relief.[3]

## C. Beyond *Tohono O'odham*

Perhaps recognizing that *Tohono O'odham* does not address the timing rule represented by *Tecon,* the government draws on other

---

3. Decisions by other judges of this court rendered after *Tohono O'odham* was issued by the Supreme Court have dismissed suits pursuant to Section 1500, but only where they were filed here after the corresponding suits had been filed in another court. *See Western Mgmt., Inc. v. United States,* 101 Fed.Cl. 105, 113-14 (2011); *Central Pines Land Co. v. United States,* 99 Fed. Cl. 394, 402–06 (2011); *Lummi Tribe of Lummi Reservation v. United States,* 99 Fed.Cl. 584, 592–94 (2011); *Tallacus v. United States,* 99 Fed.Cl. 235, 237–38 (2011); *Capelouto v. United States,* 99 Fed.Cl. 682, 693–95 & n. 12 (2011). No earlier-filed suit in this court has met the same fate.

grounds for urging that the bar of Section 1500 applies even when a plaintiff files a complaint in this court first. *See* Def.'s Mot. at 12–15. In putting forward these further arguments, the government relies upon a prior antecedent to the present text of Section 1500 and avoids any reference to the current statutory language.

The government relies on *Corona Coal Co. v. United States*, 263 U.S. 537, 44 S.Ct. 156, 68 L.Ed. 431 (1924), and *In re Skinner & Eddy Corp.*, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 (1924), two Supreme Court cases that rest their holdings on an interpretation of a statutory predecessor to Section 1500 enacted in 1911. *See Keene*, 508 U.S. at 206–07, 113 S.Ct. 2035 (recounting the several reenactments of Section 1500 since the adoption of the original version in 1868). In *Corona Coal*, the Supreme Court dismissed an appeal from the then-Court of Claims because the plaintiff, after losing its Court of Claims case but prior to its Supreme Court appeal, filed a related suit in a federal district court. *Corona Coal*, 263 U.S. at 539–40, 44 S.Ct. 156. The Supreme Court applied the language of Section 1500's immediate predecessor, which stated, "No person shall *file or prosecute* in the Court of Claims, *or in the Supreme Court on appeal therefrom*, any claim for or in respect to which he ... has pending in any other court any suit or process [against an agent of the United States]." *Id.* (quoting Judicial Code of 1911, Pub.L. No. 61–475, § 154, 36 Stat. 1087, 1138) (emphasis added). The government avers that the "deletion of the 'file or prosecute' language [in Section 1500's predecessor] in favor of the current reference to 'jurisdiction' " did not work a "change in the 'underlying substantive law.' " Def.'s Mot. at 13 (quoting *Keene*, 508 U.S. at 209, 113 S.Ct. 2035). Invoking the language of the prior statute, the government argues that the meaning of Section 1500 remains entirely unchanged, so a later-filed district court suit should still wrest away jurisdiction from this court, just as it elided the Supreme Court's appellate jurisdiction in *Corona Coal*. *See id.* *Corona Coal* is no longer directly pertinent, however. The difference in statutory language between the current version of Section 1500 and that of Section 154 of the Judicial Code of 1911 is material, rendering *Corona Coal*'s application of Section 1500's predecessor inapposite to deciding the current motion.

Moreover, the current "has pending" language of Section 1500 instructively comports with the original text passed in 1868, which imposed a jurisdictional bar based upon a suit that a person or entity "shall have commenced and has pending." Act of June 25, 1868, ch. 71, 15 Stat. 75, 77; *see Griffin v. United States*, 85 Fed.Cl. 179, 188–90 (2008), *aff'd*, 590 F.3d 1291 (Fed.Cir.2009). The revisers who produced the current text in 1947[4] thus went back to adhere more closely to the original version, adopting the "has pending" words and abandoning the variant in language that had been introduced in Section 154 of the Judicial Code of 1911. In short, the government's argument based upon the 1911 enactment and *Corona Coal* does not delve sufficiently deeply; it ignores the original text and history which provide the actual antecedent to the current language.

The government's reliance on *In re Skinner*, 265 U.S. 86, 44 S.Ct. 446, is equally unavailing. In that case, the plaintiff voluntarily dismissed its case in the Court of Claims and then filed suit in state court the next day. *Id.* at 91–92, 44 S.Ct. 446. Months later, the Court of Claims attempted retroactively to restore its jurisdiction by vacating its earlier dismissal, but the Supreme Court held that Section 154 of the Judicial Code of 1911 barred any reassertion of jurisdiction because the claims had already been dismissed and then filed in another court. *See id.* at 95, 44 S.Ct. 446 ("The jurisdiction of these claims by the Court of Claims *having been parted with* by the order of dismissal in April can not be resumed by a retroactive order ... in view of the restrictive provisions of [Section] 154, which, by reason of the [state court] suit, intervene and apply.") (citing *Corona Coal*, 263 U.S. 537, 44 S.Ct. 156) (emphasis added). Thus, *In re Skinner* is consistent with the Supreme

---

4. That text became law in 1948, with the recodification of the Judicial Code that occurred in that year. *See* Act of June 25, 1948, c. 646, 62 Stat. 869, 942.

Court's earlier opinion in *Corona Coal:* the Court of Claims could not assert jurisdiction *anew* over claims already dismissed because a suit in another court was pending by that time. It also happens that because of its facts, *In re Skinner* is consistent with the current text of Section 1500 insofar as timing of suits is concerned.

Overall, nothing in the government's arguments justifies recasting the plain meaning of the current text of Section 1500—that "has pending" "constitute[s] a present participle which 'convey[s] the same meaning' as the present perfect tense and 'indicates action that was started in the past and has recently been completed or is continuing up to the present time.'" *Nez Perce,* 83 Fed.Cl. at 189 (quoting Sabin, *The Gregg Reference Manual,* §§ 1033–34, at 272–73); *see also United Keetoowah Band of Cherokee Indians v. United States,* 86 Fed.Cl. 183, 189 (2009); (same); *Berry v. United States,* 86 Fed.Cl. 24, 28 (2009) (same). In addressing timing, a fundamental jurisdictional principle of long standing posits that "the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Keene,* 508 U.S. at 207, 113 S.Ct. 2035 (quoting *Mollan v. Torrance,* 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824) (Marshall, C.J.)). Indeed, the phrase quoted in *Keene* from Chief Justice Marshall's opinion in *Mollan* about jurisdiction attaching at the outset of a suit continues by stating that "after vesting, [jurisdiction] cannot be ousted by subsequent events." *Mollan,* 22 U.S. (9 Wheat.) at 539. The government's arguments contravene this basic precept as well as the text of Section 1500 as it stands today, which current text is much like that originally enacted in 1868. Tellingly, if the divergent language of Section 154 of the Judicial Code of 1911 had been preserved—employing the "file or prosecute" phrase—the government would have a better argument, but the "change 'in phraseology'" that produced the current text, *Keene,* 508 U.S. at 209, 113 S.Ct. 2035 (quoting H.R.Rep. No. 308, 80th Cong., 1st Sess., A140 (1947)), makes a difference insofar as the timing question is concerned. The government's proffered application of Section 1500 is "grammatically indefensible," *Bush v.*

*United States,* 655 F.3d 1323, 1330 (Fed.Cir. 2011) (en banc), and cannot be adopted.

### D. SYNOPSIS

*Tohono O'odham,* —— U.S. ——, 131 S.Ct. 1723, holds that Section 1500 bars claims in this court when they are based on the same operative facts as a suit pending in another court. *Id.* at 1731. The decision explicitly leaves undisturbed the *Tecon* timing rule. *See id.* at 1729–30; *see also id.* at 1735 n. 5 (Sotomayor, J., concurring in the judgment). Importantly, *Tecon* reflects the plain meaning of the current text of Section 1500. As a result, there is no merit to the government's assertion that a later-filed suit in another court based on the same operative facts as a suit in this court operates to divest this court of jurisdiction in the earlier-filed case.

### CONCLUSION

For the reasons stated, the government's motion to dismiss for lack of subject matter jurisdiction is DENIED.

It is so ORDERED.